## DELORES R. KALBERG v. ANDERSON BROS. MOTOR COMPANY, d.b.a. ANDERSON MOTOR COMPANY.

88 N. W. (2d) 197.

February 21, 1958—No. 37,286.

*Henry Levine,* for appellant.

*Freeman, Peterson, Hoppe & Gaughan* and *Robert C. Holtze,* for respondent.

MURPHY, JUSTICE.

This is an appeal from a judgment entered in the District Court of Hennepin County pursuant to a motion made by the defendant for judgment on the pleadings.

The complaint alleged that the defendant operated an outside car lot in the city of Minneapolis and "did carelessly, unlawfully and negligently leave the cars on said lot with unlocked doors and the keys in the ignitions." The complaint goes on to allege that on September 23, 1955, the defendant permitted one Richard Waite, a minor, to loiter on the premises; that said minor removed a key from the ig-

nition of one of the cars, returned to the lot on the following day, removed the car from the lot, and in driving it on the streets of the city of Minneapolis negligently injured the plaintiff. The complaint alleges that the defendant was negligent in failing to discover the theft of the key in the interval between September 23, 1955, and the theft of the car on September 24, 1955. It is further alleged that the defendant was negligent in failing to conform to an alleged custom among car dealers "to check the car keys in the evening and to remove the keys and lock said car doors."

Admitting the facts alleged in the complaint, the defendant contended that even if such facts did spell out negligence on the part of the defendant, the negligent act of the minor in causing damage to the plaintiff was not one which the defendant in the exercise of ordinary care would be expected to anticipate. Citing Wannebo v. Gates, 227 Minn. 194, 34 N. W. (2d) 695, and Anderson v. Theisen, 231 Minn. 369, 43 N. W. (2d) 272, the defendant contended that the act of the thief was an intervening efficient cause which relieved the defendant from any negligence it might have incurred by failure to lock the car doors previous to the night of the theft. We think the trial court ruled correctly in granting defendant judgment on the pleadings.

The plaintiff relies on Central Mutual Ins. Co. v. Whetstone, 249 Minn. 334, 81 N. W. (2d) 849, and Loving v. Howard Lare, Inc. 344 Mich. 97, 73 N. W. (2d) 290. These actions relate to damages sustained by car owners while their property was in the possession of bailees. These cases should be distinguished since the liability imposed upon the bailee grows out of the broad responsibility of the bailee to care for property in his possession. 2 Dunnell, Dig. (3 ed.) § 732.

The authorities relating to the liability of the owner of a motor vehicle, or the person parking it, whether such person is the owner himself or an employee or agent, for damages as the result of parking of the vehicle in such a way as to make it possible for a stranger or thief to remove it and cause damage to another are collected in Annotation, 51 A. L. R. (2d) 633. See especially §§ 14 and 17. Both the Anderson and the Wannebo cases are cited as stating the majority rule that although a car may be parked under circumstances which are admittedly negligent and the theft might reasonably have been foreseen,

nevertheless, the original actor should not be held liable for the tortious act of a thief while the car was being driven by such thief or his successor in possession. In the Anderson case we held (231 Minn. 372, 43 N. W. [2d] 274) "the negligence of the thieves in driving into the automobile of plaintiff's decedent was an intervening efficient cause interrupting the chain of causation between defendant's act in leaving his keys in the ignition switch and the death of plaintiff's decedent."

Although there is authority to the contrary[1] we adhere to the holdings in the Wannebo and Anderson cases which are in line with the majority. It would not only be necessary to overrule these cases in order to hold with the plaintiff here, but it would be inconsistent with Minnesota's theory of proximate cause which requires that the harm following the negligence be in unbroken sequence without an intervening efficient cause, as stated in Christianson v. Chicago, St. P. M. & O. Ry. Co. 67 Minn. 94, 97, 69 N. W. 640, 641, quoted in the Anderson case, *supra.*

The automobile in this case was parked on a lot owned by the defendant and the issue accordingly is not complicated by the existence of a city ordinance forbidding motorists from leaving their cars parked in the streets.

Affirmed.

---

[1]The Supreme Court of Illinois and the Common Pleas Court of Cuyahoga County, Ohio, have held that the question of proximate cause is one for the jury in the light of the circumstances. Ney v. Yellow Cab Co. 2 Ill. (2d) 74, 117 N. E. (2d) 74, 51 A. L. R. (2d) 624; Garbo v. Walker, 71 Ohio Law Abs. 368, 129 N. E. (2d) 537. These courts rest their analysis of causation *solely* on foreseeability or reasonable apprehension—a man is liable for the results which he can reasonably foresee—and do not take into account the "direct result" test which is another part of the formula for proximate cause in Minnesota. The Common Pleas Court of Cuyahoga County has distinguished the Garbo case (where there was an ordinance forbidding the leaving of keys in the car), holding that negligence of the owner is not the proximate cause of the harm in absence of an ordinance. Wagner v. Arthur, 73 Ohio Law Abs. 16, 134 N. E. (2d) 409.

The majority of jurisdictions hold that the negligent auto owner is not liable. See, Annotation, 51 A. L. R. (2d) 662 to 666; Castay v. Katz & Besthoff (La. App.) 148 So. 76; Midkiff v. Watkins (La. App.) 52 So.

(2d) 573; Gower v. Lamb (Mo. App.) 282 S. W. (2d) 867; Kiste v. Red Cab, Inc. 122 Ind. App. 587, 106 N. E. (2d) 395; Slater v. T. C. Baker Co. 261 Mass. 424, 158 N. E. 778; Saracco v. Lyttle, 11 N. J. Super. 254, 78 A. (2d) 288; Lotito v. Kyriacus, 272 App. Div. 635, 74 N. Y. S. (2d) 599, appeal dismissed, 297 N. Y. 1027, 80 N. E. (2d) 542; Wilson v. Harrington, 295 N. Y. 667, 65 N. E. (2d) 101; Richards v. Stanley, 43 Cal. (2d) 60, 271 P. (2d) 23; Teague v. Pritchard, 38 Tenn. App. 686, 279 S. W. (2d) 706. These courts emphasize both the lack of foreseeability and the independent intervening cause as preventing liability for the owner's negligence.