361 P.2d 10

**Dr. William COSTELLO and William J. Costello, Appellants,**

**v.**

**W. J. WOOD and Dan A. Wood, dba Wood's Western Pump Service, Appellees.**

No. 6711.

Supreme Court of Arizona.

April 12, 1961.

· Alan Philip Bayham, Phoenix, for appellants.

Wm. H. Chester, Phoenix, for appellees.

JENNINGS, Justice.

Dr. William Costello and William J. Costello (hereinafter referred to as appellants) contracted with W. J. Wood and Dan A. Wood dba Wood's Western Pump Service (hereinafter referred to as appellees) to repair a pump on appellants' cotton ranch. Suit was brought in the trial court upon appellants' refusal to pay the itemized repair bill on completion of the job. Appellants filed a counterclaim for crop loss due to time delay and for damages due to appellees' defective and inadequate work. The trial court directed a verdict for appellees on the counterclaim and the jury awarded appellees damages in the sum of $4,447.63 on the original complaint. Appellants' motions for new trial were denied and as a consequence on appeal they bring three assignments of error. Two of appellants' three assignments of error attack the trial court's action in directing a verdict for appellees on appellants' counterclaim. Therefore we will treat these two together.

As we stated in Casey v. Beaudry Motor Company, 83 Ariz. 6, 11, 315 P.2d 662, 666:

" 'The court is justified in directing verdict only where evidence is insufficient to support contrary verdict or so weak that court would feel constrained to set aside such a verdict on motion for new trial.' " Citing cases.

The negligence complained of by appellants in their counterclaim centered around a mechanical failure causing the pump to drop several hundred feet to the bottom of the well. This occurrence, on the eve of the expected job completion, appellants contended, resulted in a delay which proximately caused damage to appellants' cotton crop resulting in financial loss.

In order to establish a prima facie case, i. e., one sufficient to go to the jury, it was incumbent upon appellants to establish by some competent evidence, facts tending to show each of the following elements, viz.: (1) that the linkage of appellees' equipment which gave way was defective, (2) that there was actual damage to the 'pump bowls' and to the cotton crop, (3) that such defective condition of the linkage was the proximate cause of the damage, and (4) that the appellees knew or by the exercise of reasonable care should have known that the equipment was defective at the time of the installation.

We have carefully read the transcript and are unable to adduce, by any vain imagination, evidence from which it could rightfully be inferred appellees knew or should have known the equipment was defective. The linkage that actually gave way contained a defect that could not be

seen by inspection. The evidence discloses that appellees had meticulously inspected the assemblage insofar as inspection was possible through the senses, and had thus exercised diligent and reasonable care of the ordinary prudent man.

In fact there is no evidence in the record to shed any probative light toward the theory that the delay, due to the pump fall, proximately caused the diminished yield and texture of the cotton crop.

Appellants' own witness dispelled the contention that two days water beginning on the 17th day of July, 1956 (the date of the fall), would have saved the crop from its plight.

Though there was some evidence tending to show that the cotton crop was damaged, this evidence was very slight. It could hardly be said that a clear comparison was made between the quantity and quality of the cotton harvested during the year in question and previous years.

The pump had not been functioning properly for a three or four-month period. Thus any loss to the cotton could not be necessarily traced to the incidents of the pump fall. In addition, repeated testimony accentuated the proposition that the time involved in any pump installation depends on the facts and circumstances of the installation, thus obviating the appellants' repeated contentions that the job was not completed in a reasonable time. The contract did not call for a specified date of completion.

On this record we hold that the trial court was within its province and did not err in instructing a verdict for appellees on appellants' counterclaim. To have ruled otherwise would have placed within the jury's purview the opportunity to draw speculative inferences not based on probative facts

Appellants' remaining assignment of error is that the court committed error in denying appellants' motions for new trial on the grounds and for the reason that the verdict was contrary to the law of the case in that the jury refused and/or failed to follow the instructions given by the court.

At the close of the arguments the court instructed the jury as follows:

"* * * You are further instructed, ladies and gentlemen of the jury, that if you find from a preponderance of the evidence that the defendant, William J. Costello, failed to meet his obligation to pay money to the plaintiffs in accordance with his agreement for installation of pump equipment on property belonging to him, and you further find that said defendant, William J. Costello, is not excused from such payment under the evidence submitted to you; then the damages for failure to meet such obligation to pay money is the amount due under the agreement."

It is contended by appellants that the amount due under the agreement was $5,534.28 as represented by an itemized contract and invoice in evidence.

Therefore, appellants contended that when the jury found for the appellees but for a sum less than the contract price, i. e., $4,447.63, the above-mentioned instructions were not heeded by the jury, the verdict was inadequate, and hence reversible error should lie. We cannot agree with appellants' position. In Wolff v. First National Bank, 47 Ariz. 97, 110, 53 P.2d 1077, 1082, a case in which the jury returned a verdict in an amount less than that instructed, we said:

" * * * Since the verdict was less than plaintiff was entitled to, if anything at all, as a matter of law we cannot see where defendants were injured thereby * * *."

In that case no motion was made for correction of the amount of the jury's verdict before the jury was discharged. We held that although there had been a miscalculation it was in favor of the defendants and was therefore neither prejudicial nor reversible error. See, 174 A.L.R. 767, and cases cited therein.

No motion was made in the instant case to correct or change the jury's verdict before the jury was discharged. If it can be said that the verdict was less than the appellee was entitled to the defendants cannot be heard to complain for they were not injured.

However, from a thorough view of the record we find a lack of direct evidence and proof to sustain the proposition that new "bowls" were actually delivered and installed. Thus the evidence showed that only a certain amount was due under the agreement (the total itemized amount of the contract less the amount of the bowls) and that was exactly what the jury found.

Judgment affirmed.

STRUCKMEYER, C. J., BERNSTEIN, V. C. J., and UDALL and LOCKWOOD, JJ., concur.