372 P.2d 333

George SHAFER and Mabel H. Knox Shafer, husband and wife, Appellants,

v.

MONTE MANSFIELD MOTORS, Appellee.

No. 6833.

Supreme Court of Arizona,

In Division.

June 20, 1962.

Leonard Everett, Tucson, Lawrence Ollason, Tucson, of counsel, for appellants.

Conner & Jones, Tuscon, for appellee.

PORTER MURRY, Superior Court Judge.

This is an appeal by the plaintiffs, George and Mabel Shafer, from a judgment notwithstanding the verdict entered in a negligence action in favor of defendant, Monte Mansfield Motors. The parties will be referred to as they appeared in the trial court.

On August 2, 1957, Jesse McDaniel (a minor and a defendant in the trial court who is not concerned in this appeal) arrived at the front of defendant's automobile agency

in Tucson, Arizona, accompanied by two friends. He left his friends and walked to the back of the lot where he saw an unfenced lot along an alleyway containing several automobiles. McDaniel noticed two men, one dressed in a white smock, who had apparently just left a 1955 green Mercury automobile and were walking into defendant's building. He saw the ignition keys which had been left in the car. He entered the car, drove it through the alley to the front of defendant's building, picked up his friends and drove away. No one from defendant's agency gave McDaniel permission to drive the car and no one called to him when he drove away. Shortly thereafter there was a collision at the intersection of Park Ave. and Grant Rd. between McDaniel and plaintiffs. Both automobiles were substantially damaged and the plaintiffs received severe injuries.

The trial court submitted the case to the jury which returned a verdict of $25,000 in favor of the plaintiffs against defendant, Monte Mansfield Motors. A default having previously been entered against McDaniel, the trial court entered a judgment against him in the amount of $25,000, but proceeded to enter a judgment for defendant, Monte Mansfield Motors notwithstanding the jury verdict.

Plaintiffs assign as error the trial court's refusal to enter judgment in accordance with the jury verdict, contending that it is for the jury to decide: (a) whether it is negligence for the owner of a vehicle to, under these circumstances, leave the keys in the ignition, and if so determined, (b) whether such negligence was the proximate cause of the resulting injury. There is no question here as to either McDaniel's negligence or plaintiffs' freedom from contributory negligence.

This is a case of first impression for this Court and there is no state statute nor city ordinance dealing with ignition keys being left in sight in an unattended car. In other jurisdictions where a statute or ordinance makes such conduct on the part of the owner a crime, the cases are split as to the owner's liability when the thief is involved in an accident. Some hold that the jury could properly find liability in such a case [1] while others hold that despite the statutory violation the owner's negligence cannot be the proximate cause of the injuries, because of the intervening act of the car thief.[2]

The prevailing view where, as in the case at bar, there is no statute or ordinance is that as a matter of law there can be no liability. In Richards v. Stanley, 43 Cal.2d

---

1. See e. g. Ney v. Yellow Cab Co., 348 Ill. App. 161, 108 N.E.2d 508 and the cases cited therein.

2. Lingefelt v. Hanner, 125 So.2d 325 (Fla. App.1960); Permenter v. Milner Chevrolet Co., 229 Miss. 385, 91 So.2d 243; Brill v. Wilbanks, 222 Md. 248, 159 A.2d 657; Liberto v. Holfeldt, 221 Md. 62, 155 A.2d 698; Hersh v. Miller, 169 Neb. 517, 99 N.W.2d 878.

60, 271 P.2d 23, a case similar to ours, the Supreme Court of California held that there is no liability on a person leaving an unattended car parked with the ignition keys therein on a public street in the absence of a statute or ordinance. This case was decided in 1954 and has been relied upon many times in other jurisdictions.[3] Most of the courts relying upon Richards v. Stanley, supra, have explicitly refused to follow Schaff v. R. W. Claxton, Inc., 79 U.S.App. D.C. 207, 144 F.2d 532 (1944) wherein the circuit court for the District of Columbia reversed a judgment entered on a directed verdict in favor of the automobile owner and remanded the case for a new trial, holding that the question was one for the jury. Even this case was limited, however, in Howard v. Swagart, 82 U.S.App.D.C. 147, 161 F.2d 651 (1947) where the same court affirmed a judgment entered in favor of the defendant notwithstanding a jury verdict in favor of the plaintiff. In this later case the plaintiff was injured when the stolen automobile was driven not by the thief, but by a person to whom the thief had loaned the car.

■ We have previously set out three elements as necessary for a case of actionable negligence; (1) there must exist a duty on the part of the defendant to protect the plaintiff from the injury of which he complains; (2) the defendant must fail to perform that duty; and (3) an injury to the plaintiff must proximately result from such failure.[4] If no reasonable man could find that under the circumstances all three elements are present, then a directed verdict or judgment n. o. v. is proper. As we said in Costello v. Wood, 89 Ariz. 270, 361 P.2d 10:

"* * * we hold that the trial court was within its province and did not err in instructing a verdict * * *. To have ruled otherwise would have placed within the jury's purview the opportunity to draw speculative inferences not based on probative facts."

■ The element with which we are here concerned is the scope of the duty owed by defendant. We dealt with this scope in Tucker v. Collar, 79 Ariz. 141, 285 P.2d 178:

"* * * before liability may be imposed for an act, the prevision of a reasonable person must be able to recognize danger of harm to the plaintiff or one in plaintiff's situation. The risk which must be anticipated to convert an

3. Wagner v. Arthur, Ohio Com.Pl., 134 N.E.2d 409; Gower v. Lamb, 282 S.W.2d 867 (Mo.App.1955); Kalberg v. Anderson Bros. Motor Co., 251 Minn. 458, 88 N.W. 2d 197; Bennett v. Arctic Insulation, 253 F.2d 652, 17 Alaska 537 (9th Cir. 1958).

4. Crouse v. Wilbur-Ellis Co., 77 Ariz. 359, 272 P.2d 352; City of Phoenix v. Lopez, 77 Ariz. 146, 268 P.2d 323; Dungan v. Brandenberg, 72 Ariz. 47, 230 P.2d 518.

**334**

act into a wrong is a risk of harm not to anyone but to plaintiff or 'to another or others within the range of apprehension.' "

Plaintiffs contend that the risk of injury to them was within the range of defendant's apprehension because there was a great frequency of joy riding in the particular area in which the defendant's car was parked and there is a higher frequency of accidents occurring when cars are driven by joy riders or car thieves. However, no evidence was introduced to establish these facts and plaintiffs contend that the trial court should have taken judicial notice of them. This is not the type of fact of which the trial court may properly take judicial notice and therefore it was correct in refusing to do so.

In view of the great weight of authority in other jurisdictions holding that as a matter of law the duty of one who leaves his keys in an unattended vehicle does not extend to a plaintiff injured in an accident with the converter of the car, and in the absence of further evidence that in this case the duty should be so extended, we hold that the trial court did not err in granting its judgment notwithstanding the verdict.

Judgment affirmed.

STRUCKMEYER and JENNINGS, JJ., concur.