FRUGÉ, Judge.
This is an appeal from a judgment granting an exception of no cause of action.
The petition states that defendant was completing or had completed deepening, dredging and cleaning of a drainage canal near plaintiffs’ home. On August 4, 1960, plaintiffs’ eleven year old son was playing near the home and the next day the son was found dead in the drainage canal. Plaintiffs thereafter brought suit for the wrongful death of their son, alleging that defendant had constructed an attractive nuisance to minor children without providing safeguards for their protection. The district court granted an exception of no cause of action and that judgment was affirmed by this Court. 145 So.2d 50. The plaintiffs thereafter instituted another suit and the trial judge again granted an exception of no cause of action. From this judgment the plaintiffs appeal.
Defendant contends that the judgment of the trial court should be affirmed. It also pleads res judicata and prescription.
When the present parties were here before, the Court stated as follows:
“In determining whether a body of water is an attractive nuisance in a particular case, many factors must be considered, such a9 the age of the child, his ability to understand and avoid dangers, whether the proprietor has reason to anticipate the presence of children, whether there was a strong likelihood of the accident and whether the danger was one other than those ordinarily encountered. Other factors to be considered include whether the facility did or did not serve a necessary or useful purpose, what means could have been employed to avoid the danger, and whether the precautions taken were reasonable.”
In regard to plaintiffs’ allegations in the original suit, we stated as follows:
“Considering all of the facts as set out in the petition in a light most favorable to the plaintiffs, we conclude that the petitioners have not alleged any unusual features or physical characteristics of this canal which made it peculiarly attractive and dangerous to *764 children. No hidden or concealed dangers are alleged, and no facts are set out in the petition which offset the presumption that plaintiffs’ eleven year old child had the mental capacity to observe, appreciate and guard against the danger of drowning in such a canal. It is alleged that the facility maintained by the defendant was a ‘drainage canal,’ which implies that it served a useful purpose, and there are no allegations to the effect that it was useless.”
Plaintiffs now allege that their child did not have the mental capacity to observe; they allege that although the child was eleven years of age, he actually had the mentality of a child between seven and eight and therefore did not and could not appreciate the danger of playing around the canal. Also, plaintiffs now allege that there were certain physical characteristics of the canal which they contend made it attractive to children and that the defendant, knowing this, failed to take proper precautions.
In Burris v. City of New Orleans, La.App., 86 So.2d 549 (cert. denied), the Court said, “Just whether any particular conditions constitute an attractive nuisance in any particular case must be determined after an examination of all of the facts in each case. There must be taken into consideration the age of the child, the accessibility of the nuisance, and whether the damage resulted from active negligence rather than from the existence of a nuisance. These and many other things must be considered. * * * After a study of the numerous authorities and a consideration of the facts which seem to be required if the doctrine is to be applied against a municipality, we conclude that possibly there may be circumstances under which the doctrine should be applied even where a municipality is engaged in the performance of a governmental function, and we therefore deem it advisable to overrule the exception of no cause of action and to remand the matter to the District Court to the end that there may be presented evidence showing all of the facts and circumstances surrounding the unfortunate occurrence. From all those facts it may then be determined whether there may be liability for the unfortunate loss of the plaintiffs’ son.”
In the instant suit plaintiff still does not allege that the drainage canal serves no useful governmental function, and there is considerable question as to whether the features or characteristics of the canal as alleged in the petition are so unusual as to make it peculiarly attractive and dangerous to children. In spite of this deficiency, however, it is conceivable that evidence could be produced consistent with those allegations which would establish liability on the part of defendant. Because of this possibility, which we must concede is remote, we have decided to remand the case to the district court in order to enable plaintiffs to have their “day in court”. Although the case is being remanded, we recognize that a drainage district which constructs and maintains a canal as a public function does not become the insurer of the lives and safety of children who come near that waterway, and that strong and convincing proof of negligence is required in order to establish liability on the part of a public body in the maintenance of a useful and necessary governmental facility.
Defendant also pleads res judicata since this action has been brought before this court once before and a writ of certio-rari was denied by the Supreme Court. An exception of no cause of action based upon an insufficiency of material allegations is, in effect, only of nonsuit and is not res judi-cata. Callender v. Marks, 185 La. 948, 171 So. 86; McMahon, The Exception of No Cause of Action in Louisiana, 9 Tulane Law Review 16.
Defendant also raises the exception of prescription in this court. Although this plea was not raised in the lower court, we *765 may nevertheless dispose of this contention by stating that since the legislative act (Act 189 of 1962) which authorized this suit waived the defendant’s plea of prescription so long as the suit was filed prior to July 1, 1963, a plea of prescription cannot be sustained because the plaintiffs did file suit prior to the prescribed time.
For the foregoing reasons the judgment of the district court sustaining the exception of no cause of action is reversed and the case is remanded to the district court for further proceedings consistent with this decision.
Reversed and remanded.