ELLIS, Judge.
Edless Lafont filed suit against the defendants in this case in his capacity as the administrator of his minor child, Rickey Lafont, for injuries sustained by his son on December 21, 1962, when he allegedly tripped and fell against a concrete and steel support of a water tank owned by the Lafourche Water District No. 1. The petition of the plaintiff alleges in substance that the injuries sustained by the minor child were caused by the existence of excavations and holes directly contributing to the slipping and falling of the minor child, and that the bright aluminum water tower was attractive to children of tender age creating an irresistible lure for children to play on them, which was, in effect, an attractive nuisance. The defendants filed a denial to the plaintiff’s petition and specially urged that the minor child was a trespasser and that consequently they owed no duty save for their duty to refrain from willfully injuring him. The case was duly tried and argued and, for reasons orally assigned, the lower court rendered judgment in favor of the defendant, Maryland Casualty Company, and against Edless Lafont, rejecting his demands. A devolutive appeal was granted to the plaintiff.
The facts in the case are relatively uncontested. Rickey Lafont testified that he' and a friend, Ricky Gisclair were playing “cowboys” by the water tower. While engaged in this game, he was running with.' his head turned, looking for his friend, andas he turned his head forward he ran into one of the supports of the water tower,, which he naturally could not see while looking behind him. He testified that most of' the neighborhood children played around, the water tower. It was established that-there was no fence around the water tower-to keep children from playing there. The-only other testimony in the record concerning the area in question was by the mother of the minor child, who testified that the area near the water tower was an attractive looking place for the children to play because it was mowed frequently and there-was no rubbish or other articles piled up-near there. From the pictures in the record the water tower in question was tall, silver-painted, with six column type legs around the outer edges embedded in concrete and one column type leg extending from the middle of the water tower into a concrete-base. On one of the legs was a ladder that appeared to be four to six feet above the-ground.
In attempting to establish the.negligence of the defendants under the theory of “attractive nuisance”, plaintiff cited several cases. In Commercial Union Fire Insurance Co. v. Blocker, La.App., 86 So.2d 760, three minor children ranging in age from 14 to 7 were coming home from a movie- *564 when they saw a bright orange tractor parked near the street. When one of the children got on the tractor and began to manipulate the controls, the tractor started and crashed into a house, causing property damage. The court found that the owner of the tractor knew that many children resided in the immediate vicinity, that they might play on the machine in question and that the tractor was attractive and dangerous to the children. There was no evidence that any safety precautions were exercised before parking the tractor for the night. These facts clearly distinguish the case from the one under consideration.
Plaintiff also cites the case of Slaughter v. Gravity Drainage District No. 4, La. App., 160 So.2d 762, where the plaintiffs sued for the death of their son who drowned in a drainage canal. In this case the court found it very unlikely that the plaintiffs could have any recovery after a trial on the merits, hut overruled an exception of no cause or right of action and allowed the plaintiff to have his “day in Court”. The court held and we quote:
“ ‘Just whether any particular conditions constitute an attractive nuisance in any particular case must he determined after an examination of all of the facts in each case. There must he taken into consideration the age of the child, the accessibility of the nuisance, and whether the damage resulted from active negligence rather than from the existence of a nuisance. These and many other things must be considered.’ ”
However, we find that this case gives no comfort to plaintiff’s cause.
In Saxton v. Plum Orchards, Inc., 215 La. 378, 40 So.2d 791, the court found that a pond containing debris, logs and many types of small animal life was an attractive nuisance. This was particularly true where it was within easy sight of a housing development area that contained numerous children. A four year old child was found drowned in the pond and the parents recovered. This case is factually inapposite.
Plaintiff also cites the case of Midkiff v. Watkins, La.App., 52 So.2d 573. We do not find that this case is applicable to the facts at bar.
There was very little likelihood that there would be an accident caused by a child running into the steel beams. As argued by the defendants herein, the minor simply ran into an immovable or stationary object, which was no different from a fence, the side of a building, a wall or a telephone pole. There is very little likelihood that a normal person, even a child of tender years, would run into a large shiny object during the daytime. The water tower is not inherently dangerous. The only danger that could possibly be foreseen by a reasonably prudent person would be that a child might attempt to climb the water tower and as the result of a fall suffer injury. In this case the child while running and looking backward simply ran into one of the column shaped legs of the water tower.
The plaintiffs also rely upon the fact that three was no fence to protect the child from the injury he sustained. We cannot accept this reasoning since the child ran into a stationary object, and had he been playing “cowboys and Indians” outside of such a fence, he may have carelessly run into one of the fence posts or the fence itself had he not watched where he was going, as was found in the case at bar.
For the above reasons, the judgment of the lower court is hereby affirmed.
Affirmed.