304

## UMBERTO CONSIGLIO *v.* ANNETTE AHERN

### APPELLATE DIVISION OF THE CIRCUIT COURT

FILE No. CV 6-651-18086

Argued July 29—decided September 13, 1968

*Giacinto G. Costa,* of New Haven, for the appellant (defendant).

*Serge G. Mihaly,* of Bridgeport, for the appellee (plaintiff).

JACOBS, J.  The stipulation of facts[1] as submitted by the parties discloses that on March 28, 1964, at about 9 p.m., the defendant's 1955 Chrysler sedan

---

[1] The court made a finding of facts.  A finding by the court was inappropriate.  "We have repeatedly stated that a trial court should not make a finding of facts where it hears no evidence.  Such a finding would add nothing to the record.  It might well cloud the issue." *Gulf Oil Corporation* v. *Board of Selectmen,* 144 Conn. 61, 64; see *Wixner* v. *Wixner,* 154 Conn. 703, 704.

was parked in front of her home at 212 Exchange Street,[2] a public street, in the city of New Haven. On the same night, at about 9:30 p.m., her vehicle was involved in a collision with the plaintiff's 1962 four-door Pontiac sedan, which was parked on Chapel Street, a public highway, and the plaintiff's automobile was extensively damaged. It was the defendant's usual custom to leave her car unlocked and unattended, in the nighttime, on a public street in front of her home, with the ignition key in the sun visor. An unauthorized and unidentified third person stole the defendant's car and thereafter caused the damage to the plaintiff's parked vehicle.

Upon these rather scanty facts, the trial court concluded that the "action of the defendant in leaving her car unattended and unlocked, in the night time, upon a public street, with its ignition key in a place where a thief would undoubtedly look for it . . . constituted negligence on the part of the defendant." Accordingly, judgment was rendered for the plaintiff to recover of the defendant the sum of $1298 and costs.

The plaintiff's cause of action is predicated on the theory that, because the defendant left her car unattended on a public street with the ignition key in the sun visor, a third person, unidentified and unapprehended, was induced to steal the car, and that thereafter by his negligent operation he damaged the plaintiff's car.

Where a thief takes a car, in the absence of special circumstances and where there is no applicable statute, the heavy majority of the decisions have held there is no liability. *Bennett* v. *Arctic Insulation, Inc.*, 253 F.2d 652; *Shafer* v. *Monte Mansfield*

---

[2] We do not know this from either the finding of facts or the stipulation; we know it only from the police report, which is referred to in the stipulation.

*Motors,* 91 Ariz. 331; *Richards* v. *Stanley,* 43 Cal. 2d 60; *Midkiff* v. *Watkins,* 52 So. 2d 573 (La. App.); *Curtis* v. *Jacobson,* 142 Me. 351; *Lustbader* v. *Traders Delivery Co.,* 193 Md. 433; *Teague* v. *Pritchard,* 38 Tenn. App. 687. "[T]wo courts have found liability at common law" Prosser, Torts (3d Ed.), p. 323 (citing *Schaff* v. *R. W. Claxton, Inc.,* 144 F.2d 532 and *Mellish* v. *Cooney,* 23 Conn. Sup. 350, 1 Conn. Cir. Ct. 234); see Wright, Conn. Law of Torts § 33, p. 13 (Sup. 1964). "And where the defendant has parked his unlocked car on the street, with the key in the ignition switch in violation of an ordinance, and the car is stolen by a person who, while driving it, causes some damage, the owner has been held not liable on the ground that the proximate cause of the injury was the action of the thief and not the negligence of the owner." 2 Harper & James, Torts § 20.5, p. 1139; see *Liberto* v. *Holfeldt,* 221 Md. 62; *Galbraith* v. *Levin,* 323 Mass. 255; *Kalberg* v. *Anderson Bros. Motor Co.,* 251 Minn. 458; *Gower* v. *Lamb,* 282 S.W.2d 867 (Mo. App.); *Hersh* v. *Miller,* 169 Neb. 517; *Wagner* v. *Arthur,* 73 Ohio L. Abs. 16; *Meihost* v. *Meihost,* 29 Wis. 2d 537; cf. *Ross* v. *Hartman,* 139 F.2d 14, cert. denied, 321 U.S. 790; *Justus* v. *Wood,* 209 Tenn. 55.

Professor James points out: "[V]ariant results in these cases persist but most cases deny recovery. Some do so on the ground that the act of the thief or the intermeddler breaks the chain of cause . . . . Others, more accurately it is believed, seek the answer by examining the statutory purpose." 2 Harper & James, Torts § 20.5 n.20 (Sup. 1968); see *Ney* v. *Yellow Cab Co.,* 2 Ill. 2d 74; note, 51 A.L.R.2d 633, 639. "Almost invariably these cases present no issue of causation, since there is no doubt whatever that the defendant has created the situation acted upon by another force to bring about the result; and to deal with them in terms of 'cause' or 'proximate

cause' is only to avoid the real issue. The question is one of negligence and the extent of the obligation: whether the defendant's responsibility extends to such interventions, which are foreign to the risk he has created. It is best stated as a problem of duty to protect the plaintiff against such an intervening cause." Prosser, op. cit., 322.

A leading case is *Richards* v. *Stanley*, supra, where the court held (two justices dissenting) that as a matter of law the defendant, who had left her car unlocked and unattended on a downtown San Francisco street with the key in the ignition, owed no duty to protect the plaintiff from injuries sustained by the negligent driving of a thief.[3] "However, *Richards* would not bar the door to recovery in all cases. Special circumstances which impose a greater potentiality of foreseeable risk or more serious injury, or require a lesser burden of preventative action, may be deemed to impose an unreasonable risk on, and a legal duty to, third persons." *Hergenrether* v. *East,* 61 Cal. 2d 440, 444. In *Hergenrether*, the court did not mention or refer to the doctrine of proximate cause; it restricted its discussion to the duty which the defendant owed to the plaintiffs, based on the foreseeability of risk of harm to persons in the plaintiffs' class, under the "special circumstances" rule. The court identified four special circumstances bearing on the issue of the defendant's liability (p. 445): "(1) [T]he vehicle was left in a neighborhood which was frequented by persons who had little respect for the law and the rights of others; (2) the neighborhood was heavily populated by drunks and near drunks [skid row]; (3) the

---

[3] Professor Prosser referred to *Richards* v. *Stanley*, 43 Cal. 2d 60, an opinion by Mr. Justice Traynor, later chief justice, as "exhaustive and excellent." Prosser, Cases and Materials on Torts (4th Ed.), p. 383 n.2; see note, 38 So. Cal. L. Rev. 125. "This case was decided in 1954 and has been relied upon many times in other jurisdictions." *Shafer* v. *Monte Mansfield Motors,* 91 Ariz. 331, 333.

vehicle was intended to be left there for a relatively long period of time—from midafternoon to the following morning—and, of particular importance, it was intended that it would be left for the entire night; and (4) the vehicle was a partially loaded 2-ton truck, the safe and proper operation of which was not a matter of common experience, and which was capable of inflicting more serious injury and damage than an ordinary vehicle when not properly controlled." And in *Anderson* v. *Gengras Motors, Inc.*, 141 Conn. 688, the plaintiff affirmatively established these significant factors: (1) The defendant was an automobile dealer; (2) the car was left in a parking lot adjoining the defendant's garage; (3) it was left there all night, unguarded against thieves and vandals; and (4) the ignition key was left in a place where a thief would undoubtedly look for it. In other words, the facility with which a wrongdoer could appropriate the automobile under these special circumstances constituted a virtual invitation to theft.

Other jurisdictions have also recognized the special circumstances doctrine in the key-in-the-ignition cases. *Richardson* v. *Ham*, 44 Cal. 2d 772 (a twenty-six-ton bulldozer left unattended and unlocked was stolen by teen-age inebriates); *Commercial Union Fire Ins. Co.* v. *Blocker*, 86 So. 2d 760 (La. App.) (court applied attractive nuisance doctrine); *Zuber* v. *Clarkson Construction Co.*, 363 Mo. 352, (defendant had knowledge intermeddlers had previously tampered with tractors); *Anderson* v. *Bushong Pontiac Co.*, 404 Pa. 382 (automobile stolen from a used-car lot); *Bronk* v. *Davenny*, 25 Wash. 2d 443 (defendant had previously chased trespassers); cf. *Shafer* v. *Monte Mansfield Motors*, 91 Ariz. 331 (automobile stolen from car dealer's lot); *Morris* v. *Bolling*, 31 Tenn. App. 577 (car left in charge of intoxicated passenger).

The stipulation in the case at bar contains only nine paragraphs, but we must take the record as we find it. "There was no past history of car thefts or any other criminal activity in the neighborhood or anything about the neighborhood which would be particularly conducive to the theft of an automobile." *Smith* v. *Leuthner,* 156 Conn. 422, 425. Certainly, there were no facts from which the court could "conclude that the defendant should reasonably have anticipated that leaving the [ignition] key in the . . . [sun visor] would be likely to result in harm of the general nature of that which actually occurred, that is, the theft of the car and injury to . . . property from the operation of the car by the thief." Id., 426. "All questions of duty—was the duty owed to the plaintiff, was it within the hazard, and the like"—are matters of law. See Street, Torts (3d Ed.), p. 129; Fleming, Torts (2d Ed.), p. 140. We need not go so far as to hold that a person leaving a vehicle on a public street with the ignition key in the sun visor can in no circumstances be held responsible for damage through the intervening act of a third party. The circumstances might be such that he was offering a temptation or invitation to another to set the vehicle in motion and that danger might result to third persons. The chain of causality may be complete although a link in the chain is the intervening act of a third person. But the act which causes the mischief must be one which he would properly anticipate. Thus, although the defendant would not be relieved from liability by the intervening negligent driving of the thief were the defendant under a duty to protect the plaintiff from that source, since no such duty exists, no problem of intervening causation arises.

"The plaintiff's contentions go far toward making the defendant an insurer as to the consequences of every accident in which his automobile might become

involved while operated by the original thieves or their successors in possession. This is a course upon which, even if it were open, we decline to embark." *Sullivan* v. *Griffin*, 318 Mass. 359, 362; see *Suglia* v. *National Credit System, Inc.,* 4 Conn. Cir. Ct. 133, 137.

There is error, the judgment is set aside and the case is remanded with direction to render judgment for the defendant.

In this opinion KOSICKI and MACDONALD, Js., concurred.