**Tamara NELLSCH, Plaintiff and Appellant,**

v.

**WESTLAND FORD, INC., Defendant and Respondent.**

No. 18017.

Supreme Court of Utah.

May 11, 1982.

---

Felshaw King, Clearfield, for plaintiff and appellant.

Aaron Alma Nelson, Salt Lake City, for defendant and respondent.

### PER CURIAM:

The plaintiff sued the defendant for damages to her car allegedly caused when the latter negligently left the keys in a car placed on its used-car lot. Unknown persons stole defendant's car, ran it into the plaintiff's vehicle and then fled the scene of the accident.

Based on the facts above which plaintiff substantially alleged in her complaint, the trial court granted defendant's motion to dismiss. From that judgment, this appeal was taken.

The generally accepted authorities deny recovery under such circumstances. One having a lawful right to the possession of property, such as an automobile, although negligent in leaving the keys therein, has no duty to respond in damages caused by a thief who takes it and runs into a third party's vehicle.[1] In all but the most unusual circumstances, there is no proximate cause between the negligence of the one having such right to possession and that of a thief whose negligent driving is an independent, intervening cause of the damage.[2]

The judgment is affirmed. No costs awarded.

1. Restatement of Torts 2d, Sec. 302(b), comment (a); 45 A.L.R.3d 787, 811; *Shafer v. Monte Mansfield Motors*, 91 Ariz. 331, 372 P.2d 333 (1962).

2. *Hillyard v. Utah By-Products Company*, 1 Utah 2d 143, 263 P.2d 287 (1953); *George v. Breising*, 206 Kan. 221, 477 P.2d 983 (1970); 45 A.L.R.3d 787, 814.