UNION PACIFIC RAILROAD
COMPANY, a corporation,
Plaintiff and Appellant,

v.

IDEAL BASIC INDUSTRIES, a Colorado
corporation, The Hitching Post Bar, a
Utah corporation, and Jacob Whitney
Pentz, Defendants and Respondents.

No. 18148.

Supreme Court of Utah.

Nov. 12, 1982.

Norman W. Kettner, Dennis C. Farley, Salt Lake City, for plaintiff and appellant.

D. Gary Christian, Darwin G. Kendall, Robert M. Archuleta, Salt Lake City, Sandy, for defendants and respondents.

PER CURIAM:

The plaintiff railroad appeals from a summary judgment of no cause for the action it filed against the defendant cement products company ("Ideal"). Plaintiff complains it was damaged by the derailment of several freight cars allegedly caused when one of Ideal's admittedly off-duty and unauthorized employees, the defendant Pentz, commandeered a huge loader[1] which belonged to Ideal.

Like other of Ideal's heavy equipment, the loader had been left with the keys in the ignition in an unlocked storage building in an isolated section of the company's large, fenced, but open-gate complex. The keys were deliberately left in the ignition because of the need for convenient, immediate and emergency uses, as in the event of fire or other danger, in a plant in operation 24 hours per day. The loader was used only on the premises, and never on the highway for transportation, nor was it licensed for such use.

The defendant Pentz, on returning home from a pool hall tavern[2] about 10:00 p.m. on a snowy night, experienced an incident where his truck left the highway and upended in a barrow pit. From a small crowd that gathered, Pentz sought the aid of two cousins who drove him to the cement plant and helped him remove the loader, which they took to retrieve his truck. In the process, Pentz drove the loader into a bridge trestle. Before representatives of Ideal had an opportunity to notify and warn plaintiff of the damaged trestle (and before Ideal even knew of the incident), several of plaintiff's freight cars derailed.

1. The loader was 13½ feet tall and weighed 47 tons.

2. Defendant Hitching Post Bar was joined as a defendant for alleged negligence in supplying liquor to Pentz. On appeal, neither plaintiff nor Pentz pursues any claim against this defendant.

Pentz had been a reliable employee of Ideal for seven years, as a laborer. He was authorized to operate only small equipment, and was specifically unauthorized to operate the large loader in this case even while at work. Significantly, the defendant Pentz "borrowed" or "stole" the loader on his day off, and with no consent or authority of his employer, and in no way under the latter's control. He failed to notify his employer of his "taking" and failed to notify his employer of its "return" after the trestle accident, until after the employer had already learned the facts from other sources.

The railroad company urges that (1) as owner of the loader, Ideal negligently failed to prevent its misuse; (2) Ideal had a special duty with respect to the loader because of its huge size; and (3) "foreseeability" and "proximate cause" are jury questions and that summary judgment was improperly granted.

We are of the opinion that none of these contentions is meritorious. The facts were undisputed after lengthy and exhaustive discovery. Fifteen depositions were taken and published, a request for admissions was filed and answered, two sets of interrogatories were served (to which responses were made), and memoranda were prepared by all parties extensively reviewing the facts and the authorities claimed as being dispositive. Thereafter motions for summary judgments were filed to which were addressed written and oral arguments. This all-inclusive inquiry extended over a seventeen-month period.

The railroad's brief attributes the judge's dismissal to his bench statement at the end of a plenary oral argument that "in the state of Utah the law is that the owner of a vehicle leaving a key in it is not liable for damages." The brief significantly omits the judge's statement that followed, to the effect that in this case that rule "seems to be even stronger when it's way off the public road, traveled portions," and "in a property, private, apparently, and definitely

stolen." Although there was no Utah case precisely similar to the instant case at the time the judge made these statements, we have since decided such a problem in a case attended with less convincing facts. In *Nellsch v. Westland Ford,* Utah, 646 P.2d 736 (1982), we held that the owner of a licensed car, manufactured for use on the highways [3] was not liable to a third party for damage caused by a thief who stole it with the keys in the ignition, while it was parked in a used-car lot. The basis for the decision was the elementary principle of nonliability where the damage is caused by the intervening, independent negligence of a tortfeasor.

The authorities acted by the plaintiff, upon close analysis, show lack of pertinency to the issue here or dissimilarity of fact, making them inapplicable. None is in harmony with the facts or decision in *Nellsch* nor with the authorities therein cited.

We are of the opinion that there is no genuine issue of fact in this case that would demonstrate error in the trial court's decision, and consequently we affirm the judgment below. No costs awarded.

OAKS, J., having disqualified himself, does not participate herein.

---

**3.** In the instant case the loader was not manufactured or intended for highway use for transportation, nor subject to vehicular licensing for such use.