275 P.3d 632

Robert M. DELCI, V, an Arizona resident and the minor natural son of Robert M. Delci, IV, deceased; and Stacy Lyn Muro, by and through Stacy Lyn Muro, an Arizona resident and his natural mother and next friend; Robert M. Delci, III and Lolly Delci, Arizona residents, as individuals and as the natural parents of Robert M. Delci, IV, deceased, Plaintiffs/Appellants,

v.

GUTIERREZ TRUCKING COMPANY, an Arizona company; Rafael Gutierrez–Martinez and Jane Doe Gutierrez–Martinez, husband and wife and Arizona residents; Normando Romero, Sr., and Jane Doe Romero, husband and wife and Arizona residents; Normando Romero, Jr., an Arizona resident, Defendants/Appellees.

No. 1 CA–CV 10–0099.

Court of Appeals of Arizona, Division 1, Department E.

April 19, 2012.

Law Offices of David L. Abney, Esq. by David L. Abney, Esq., Phoenix, Attorney for Plaintiffs/Appellants.

Jones, Skelton & Hochuli, P.L.C. by Edward G. Hochuli, James Gary Linder, Russell R. Yurk, Jeremy C. Johnson, Phoenix, Attorneys for Defendants/Appellees.

## OPINION

HALL, Judge.

¶ 1 Plaintiffs appeal the superior court's order granting judgment on the pleadings for Defendants. Concluding that the owner/operator of a motor vehicle has no duty to protect the public from the negligent driving of a car thief, we affirm the superior court's judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

¶ 2 On July 15, 2006, Robert M. Delci, IV, and his son, Robert M. Delci, V, were involved in an automobile collision with an unknown person driving a 1995 Kenworth tractor pulling a 45–foot silver Wastech box trailer (the tractor-trailer). Mr. Delci was killed in the collision; his son was severely injured.

¶ 3 The driver of the tractor-trailer did not stop after causing the collision and his or her identity remains unknown. The tractor-trailer was owned by Gutierrez Trucking Company and/or Rafael Gutierrez–Martinez. Normando Romero, Sr., who was the regular driver of the tractor-trailer, had parked it in an unguarded, unfenced field one mile from his house with the keys under a floor mat in the unlocked cab.

¶ 4 Plaintiffs filed a complaint in which they alleged Normando Romero, Sr. negligently failed to secure the tractor-trailer, and that Gutierrez Trucking Company and/or Rafael Gutierrez–Martinez, as Romero, Sr.'s

employer, were responsible for his acts.[1] Defendants moved for judgment on the pleadings on the grounds that, as a matter of law pursuant to the Arizona Supreme Court's decision in *Shafer v. Monte Mansfield Motors,* 91 Ariz. 331, 372 P.2d 333 (1962), they did not owe a duty of care to plaintiffs. Plaintiffs opposed the motion and cross-moved for partial summary judgment on the issue of duty, arguing that special circumstances warranted imposing a duty of care on defendants. The superior court determined plaintiffs' claims were barred under the Arizona Supreme Court's ruling in *Shafer* and granted defendants' motion for judgment on the pleadings.

¶5 Plaintiffs timely appealed. We have jurisdiction pursuant to Arizona Revised Statutes (A.R.S.) section 12–2101(B) (2003).

## DISCUSSION

¶6 "A motion for judgment on the pleadings for the purposes thereof admits all material allegations of the opposing party's pleadings, and all allegations of the moving party which have been denied are taken as false so that a motion or judgment on the pleadings is only granted if the moving party is clearly entitled to judgment." *Food for Health Co., Inc. v. 3839 Joint Venture,* 129 Ariz. 103, 106, 628 P.2d 986, 989 (App.1981).

¶7 Under current Arizona common law, plaintiffs were required to prove four elements to establish a claim for negligence: (1) the existence of a duty recognized by law requiring defendants to conform to a certain standard of care; (2) defendants' breach of that duty; (3) a causal connection between the breach and plaintiffs' resulting injury; and (4) actual damages. *Piccola v. Woodall,* 186 Ariz. 307, 309, 921 P.2d 710, 712 (App. 1996); *Ontiveros v. Borak,* 136 Ariz. 500, 504, 667 P.2d 200, 204 (1983) (citing William L. Prosser, *Handbook on the Law of Torts,* § 30 at 143 (4th ed. 1971)). In this case, we are concerned only with the element of duty, the basis for the superior court's judgment for defendants.

¶8 "[T]he issue of duty involves generalizations about categories of cases." *Gipson v. Kasey,* 214 Ariz. 141, 143, ¶ 10, 150 P.3d 228, 230 (2007). A duty is an "obligation, recognized by law, which requires the defendant to conform to a particular standard of conduct in order to protect others against unreasonable risks of harm." *Id.* (citation omitted). The existence of a duty is a question of law that we review de novo. *Diaz v. Phoenix Lubrication Serv., Inc.,* 224 Ariz. 335, 338, ¶ 12, 230 P.3d 718, 721 (App. 2010). Whether a defendant owes the plaintiff a duty is a threshold issue. *Gipson,* 214 Ariz. at 143, ¶ 11, 150 P.3d at 230. If no duty is owed, a negligence action cannot be maintained. *Id.*

¶9 The superior court ruled that, as a matter of law, defendants owed no duty of care to plaintiffs based on the supreme court's decision in *Shafer.* In that case, Shafer filed a negligence action against an auto dealership after he was injured by a third party driving a vehicle stolen from the dealer's lot. 91 Ariz. at 331–32, 372 P.2d at 333. The lot was unfenced and the ignition key had been left in the vehicle. *Id.* at 332, 372 P.2d at 333.

¶10 The supreme court began its analysis in that case by noting "[t]he prevailing view" that when, as in Arizona, there is no statute or ordinance dealing with leaving ignition keys in a vehicle, "there can be no liability" on the part of the owner. *Id.* at 332, 372 P.2d at 334 (citing *Richards v. Stanley,* 43 Cal.2d 60, 271 P.2d 23, 27 (1954) (concluding that duty of owner of car "to exercise reasonable care in the management of her automobile did not encompass a duty to · protect plaintiff from the negligent driving of a thief")). Characterizing the issue as involving "the scope of the duty owed by defendant," the court affirmed the trial court's directed verdict for the defendant because "the duty of one who leaves his keys in an unattended vehicle does not extend to a plaintiff injured in an accident with the con-

---

**1.** Plaintiffs also named Normando Romero, Jr., the son of Normando Romero, Sr., as a defendant in the complaint and alleged he was illegally driving the tractor-trailer when it collided with

Mr. Delci's vehicle. Romero, Jr., did not answer or otherwise respond to the complaint and plaintiffs obtained a default judgment for $1 million against him.

verter of the car." *Id.* at 333–34, 372 P.2d at 335. It acknowledged that the scope of a defendant's duty encompassed risks that a reasonable person would recognize as a danger to the plaintiff or one in the plaintiff's situation, but rejected Schafer's argument that the defendant should have anticipated the risk of injury because of the frequency of joy riding in the area and the higher frequency of collisions occurring when a vehicle is driven by a joy rider or thief, explaining that Shafer had not introduced any evidence to establish those facts. *Id.* The court ruled, as a matter of law, that the dealership owed no duty of care to Shafer. *Id.*

■ ¶ 11 Plaintiffs in this case argue the superior court erred in relying on *Shafer*, which they contend the Arizona Supreme Court impliedly overruled in *Gipson* by rejecting foreseeability as a factor to be considered in determining the existence of a duty. 214 Ariz. at 144, ¶ 15, 150 P.3d at 231. In *Gipson*, the supreme court considered whether persons who are prescribed medications owe a duty of care when they improperly give those medications to others for whom the medications were not prescribed. *Id.* at 142, ¶ 1, 150 P.3d at 229. The court held that evaluating whether an injury to a particular plaintiff was foreseeable by the defendant requires a fact-specific inquiry reserved for the jury, *id.* at 144, ¶ 16, 150 P.3d at 231, and therefore foreseeability "is more properly applied to the factual determinations of breach and causation than to the legal determination of duty." *Id.* at 144, ¶ 17, 150 P.3d at 231. Accordingly, to the extent that the holding in *Shafer* is premised on a foreseeability analysis, it is no longer valid and does not control the outcome here.[2] We will affirm, however, the superior court's ruling if it was correct for any reason. *See City of Phoenix v. Geyler*, 144 Ariz. 323, 330, 697 P.2d 1073, 1080 (1985).

¶ 12 Because foreseeability cannot be considered in determining the existence of a duty, we next turn to the question whether defendants owed a duty to plaintiffs under the *Gipson* framework, in which the supreme court discussed two scenarios that may give rise to a duty of care: (1) the relationship between the parties, and (2) public policy. 214 Ariz. at 144–46, ¶¶ 18–26, 150 P.3d at 231–33. A duty of care may arise from a special relationship based on contract, family relations, or conduct undertaken by the defendant, or may be based on categorical relationships recognized by the common law, such as landowner-invitee. *Id.* at 145, ¶¶ 18–19, 150 P.3d at 232. Public policy used to determine the existence of a duty may be found in state statutory laws and the common law. *Id.* at 146 n. 4, ¶ 24, 150 P.3d at 233 n. 4.

¶ 13 Here, no preexisting relationship existed between the parties that would create a duty of care. Further, none of the categorical relationships that give rise to a duty of care under the common law are implicated. *See id.* at 145, ¶¶ 18–19, 150 P.3d at 232. Although plaintiffs acknowledge that the act of leaving one's keys in an unattended vehicle is not prohibited by statute, *see Shafer*, 91 Ariz. at 332–33, 372 P.2d at 334, they nonetheless urge us to recognize a common-law duty requiring all vehicle owners to take reasonable measures to prevent theft as a matter of public policy.

¶ 14 As plaintiffs point out, courts in many other states have recognized an exception to the general no-duty rule in vehicle theft cases in "special circumstances" involving the potential for a significant risk of harm when heavy machinery is left unsecured and easily accessible to unauthorized users, *see, e.g., Carrera v. Maurice J. Sopp & Son*, 177 Cal.App.4th 366, 99 Cal.Rptr.3d 268 (2009) (unattended tow truck), or in other circumstances in which the owner's conduct en-

**2.** At least one state court decision that, like *Gipson*, rejects foreseeability as a factor in determining the existence of a duty nonetheless considers foreseeability as one factor bearing on the scope of the duty owed. *See In re New York City Asbestos Litig.*, 5 N.Y.3d 486, 806 N.Y.S.2d 146, 840 N.E.2d 115, 119 (2005) (cautioning that "foreseeability bears on the scope of a duty, not whether a duty exists in the first place"). But

*Gipson* seemingly forecloses this approach: "[W]e now expressly hold that foreseeability is not a factor to be considered by courts when making determinations of duty, and we reject any contrary suggestions in prior opinions." *Id.* at 144, ¶ 15, 150 P.3d at 231. Thus, even though the court in *Shafer* characterized the issue as one of the *scope* rather than the *existence* of a duty, *Shafer* is not distinguishable on that basis.

hanced the probability that his car would be stolen, *see, e.g., Cruz v. Middlekauff Lincoln–Mercury, Inc.,* 909 P.2d 1252 (Utah 1996) (car dealership had policy of leaving keys in ignitions of unsecured vehicles in parking lot). The special circumstances doctrine, however, arose as an exception to the general no-duty rule in cases involving vehicle theft and is premised on the *foreseeability* of the significant risk of harm posed by the theft of certain types of vehicles by persons likely to be unfamiliar with their operation or other similar circumstances. *See Carrera,* 99 Cal.Rptr.3d at 277–79; *see also McClenahan v. Cooley,* 806 S.W.2d 767, 773–76 (Tenn.1991).[3] Thus, after *Gipson,* the special circumstances doctrine does not provide a basis in Arizona for recognizing a common-law duty.

¶ 15 Having determined that no special relationship or statute gives rise to a duty of care under the circumstances of this case,[4] and that the special circumstances exception is inapplicable in Arizona, we must now address plaintiffs' additional argument that, in any event, defendants owed them a common-law duty to take reasonable measures to safeguard the security of the tractor-trailer because everyone "is under a duty to avoid creating situations which pose an unreasonable risk of harm to others." (quoting *Ontiveros,* 136 Ariz. at 509, 667 P.2d at 209) (internal quotation omitted). Plaintiffs further contend that this general principle of negligence law has been incorporated in the Restatement (Third) of Torts: Liability For Physical & Emotional Harm § 7 (2010) (hereinafter Third Restatement), which es-

tablishes a presumption of a duty of care by all persons to all others at all times: "An actor ordinarily has a duty to exercise reasonable care when the actor's conduct creates a risk of physical harm," and ask us to adopt and apply the Third Restatement here. We decline to do so.[5]

¶ 16 We recognize that, absent Arizona law to the contrary, Arizona courts will usually apply the law of the Restatement. *Ft. Lowell–NSS Ltd. P'ship v. Kelly,* 166 Ariz. 96, 102, 800 P.2d 962, 968 (1990). Several considerations persuade us not to do so here. First, apart from its reliance on foreseeability, the no-duty result in *Shafer* is consistent with the Restatement (Second) of Torts: Duty to Control conduct of Third Persons § 315 (1965) (hereinafter, Second Restatement), which provides:

> There is no duty so to control the conduct of a third person as to prevent him from causing physical harm to another unless (a) a special relation exists between the actor and the third person which imposes a duty upon the actor to control the third person's conduct, or (b) a special relation exists between the actor and the other which gives to the other a right of protection.

The rule set forth in the Second Restatement, which has been abrogated in favor of the presumptive duty-of-care standard in the Third Restatement, has been adopted in Arizona and applied in support of no-duty determinations absent a special relationship. *See, e.g., Fedie v. Travelodge Int'l, Inc.,* 162 Ariz. 263, 265, 782 P.2d 739, 741 (App.1989); *Davis*

---

**3.** In California, whose courts pioneered the development of the special circumstances exception, the role of courts in determining duty "is not to decide whether a *particular* plaintiff's injury was reasonably foreseeable in light of a *particular* defendant's conduct," rather it is limited to "evaluat[ing] more generally whether the category of negligent conduct at issue is sufficiently likely to result in the kind of harm experienced that liability may appropriately be imposed on the negligent party." *Carrera,* 99 Cal.Rptr.3d at 277 (emphasis in original) (citation omitted).

**4.** We also reject plaintiffs' argument that Arizona's apportionment of fault statute, A.R.S. § 12–2506 (2003), required the superior court to allow a jury to evaluate defendants' fault. The statute does not serve as an independent basis

for imposing a duty on defendants, but only authorizes a trier of fact to apportion a percentage of the total amount of damages to those persons, whether a party to the action or not, who are at fault. The statute defines "fault" as an actionable breach of legal duty, act or omission proximately causing or contributing to injury or damages. A.R.S. § 12–2506(F)(2). Thus, in the absence of an actionable breach of a legal duty, the statute has no application.

**5.** Were we to do so, we would be required to vacate the trial court's summary judgment and remand for trial. *See* Third Restatement § 19 ("The conduct of a defendant can lack reasonable care insofar as it foreseeably combines with or permits the improper conduct of the plaintiff or a third party.")

v. *Mangelsdorf,* 138 Ariz. 207, 208, 673 P.2d 951, 952 (App.1983). And unlike *Martinez v. Woodmar IV Condominiums Homeowners Ass'n, Inc.,* 189 Ariz. 206, 208–09, 941 P.2d 218, 220–21 (1997), in which the supreme court determined that a condominium complex's homeowners association owed a duty analogous to that of a landlord to maintain the safety of common areas, and thus could be held liable for injuries suffered by a guest of a tenant who was shot in the complex's parking lot, plaintiffs have not identified an alternative theory of common-law liability that imposes a specific duty on the owner/operator of a vehicle to safeguard its security. *See Bloxham v. Glock, Inc.,* 203 Ariz. 271, 274, ¶ 6, 53 P.3d 196, 199 (App.2002) ("In the absence of a duty owed to the plaintiff, a defendant cannot be liable for the plaintiff's injury even if the defendant acted negligently.") (citation and quotation omitted).

¶ 17 Second, we do not perceive that *Ontiveros,* in which the supreme court abolished the common-law doctrine that tavern owners are not liable for injuries sustained off-premises by third persons as a result of the acts of an intoxicated patron, 136 Ariz. at 521, 667 P.2d at 221, requires us to abandon the rule that the duty of a car owner to exercise reasonable care in the management of his automobile does not include a duty to protect others from the negligent driving of a thief. Even though the principle stated in *Ontiveros* that "every person is under a duty to avoid creating situations which pose an unreasonable risk of harm to others" could be interpreted, as acknowledged in *Gipson,* as consistent with the comment in the Third Restatement that people generally "owe a duty to exercise reasonable care to avoid causing physical harm" to others, 214 Ariz. at 146 n. 4, ¶ 24, 150 P.3d at 233 n. 4 (quoting Third Restatement § 7 cmt. a), the rationale for the common-law duty holding in *Ontiveros* was much more narrowly based on the relation of the licensed supplier of liquor and his patron requiring the licensee to "take affirmative measures to control or avoid increasing the danger from the conduct of others." 136 Ariz. at 508–09, 667 P.2d at 208–09 (citing the Second Restatement); *see also*

*Ontiveros,* 136 Ariz. at 511 n. 4, 667 P.2d at 211 n. 4 ("We deal here with the obligation of a licensee to help control the conduct of others who are patrons of his establishment. Such duties are recognized where a 'special relationship exists between the actor and the third person.'") (quoting Second Restatement).

¶ 18 Finally, adoption of the Third Restatement would do more than just modify existing Arizona negligence law; it would substantially change Arizona's longstanding conceptual approach to negligence law by effectively eliminating duty as one of the required elements of a negligence action. *See Gipson,* 214 Ariz. at 147–48, ¶¶ 33–40, 150 P.3d at 234–35 (Justice Hurwitz, concurring) (explaining that the Third Restatement "view[s] the duty of reasonable care as the norm, and depart[s] from that norm only in those cases where public policy justifies an exception to the general rule") (citing Third Restatement, § 7(b): "In exceptional cases, when an articulated countervailing principle or policy warrants denying or limiting liability in a particular class of cases, a court may decide that the defendant has no duty or that the ordinary duty of reasonable care requires modification."); *compare Wertheim v. Pima County,* 211 Ariz. 422, 426, ¶ 17, 122 P.3d 1, 5 (App.2005) ("We do not understand the law to be that one owes a duty of reasonable care at all times to all people under all circumstances.") (quoting *Hafner v. Beck,* 185 Ariz. 389, 391, 916 P.2d 1105, 1107 (App.1995)); *Bloxham,* 203 Ariz. at 275, ¶ 8, 53 P.3d at 200 (same). The Third Restatement approach significantly lessens the role of the court as a legal arbiter of whether society should recognize the existence of a duty in particular categories of cases; for this reason, adopting the Third Restatement would increase the expense of litigation. Although restricting the dismissal of negligence actions for lack of duty may be thought desirable as more protective of a litigant's jury-trial right, such a fundamental change in the common law requires an evaluation of competing public policies that is more appropriately addressed to the Arizona Supreme Court.[6]

---

6. To our knowledge, only two state courts have expressly adopted the approach of the Third Restatement. *See Thompson v. Kaczinski,* 774 N.W.2d 829, 834–39 (Iowa 2009); *A.W. v. Lan-*

## CONCLUSION

¶ 19 For the foregoing reasons, we affirm the superior court's judgment.

CONCURRING: SHELDON H. WEISBERG, Judge (Ret.) * and ANN A. SCOTT TIMMER, Judge.

*caster Cnty. Sch. Dist.*, 280 Neb. 205, 784 N.W.2d 907, 917–18 (2010).

* Pursuant to Article 6, Section 3, of the Arizona Constitution, the Arizona Supreme Court desig-nated the Honorable Sheldon H. Weisberg, as appointed to serve as a judge pro tempore in the Arizona Court of Appeals to sit in this matter.