NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

ARMC 2011, LLC, an Arizona limited liability company,
*Plaintiff/Appellant*,

*v.*

FENNEMORE CRAIG, PC, an Arizona professional corporation,
*Defendant/Appellee*.

No. 1 CA-CV 14-0208
FILED 4-28-2015

Appeal from the Superior Court in Maricopa County
No.  CV2013-052975
The Honorable Michael D. Gordon, Judge

**AFFIRMED**

COUNSEL

Ducharme Law Firm, Scottsdale
By Wayne B. Ducharme
*Counsel for Plaintiff/Appellant*

Ramras Law Offices, P.C., Phoenix
By David N. Ramras
*Counsel for Defendant/Appellee*

---

**MEMORANDUM DECISION**

Judge Randall M. Howe delivered the decision of the Court, in which Presiding Judge Margaret H. Downie and Judge Patricia K. Norris joined.

---

**H O W E**, Judge:

¶1  ARMC 2011, LLC, ("ARMC") appeals a trial court order granting summary judgment in favor of Fennemore Craig, PC. For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2  A.R. Mays Construction, Inc., entered into a $1,706,661 construction contract to build Saddle Ranch Restaurant ("the property") for 4321 Scottsdale Road, LLC, ("4321"). At the time, the property was encumbered by a $3,196,600 first deed of trust. After the construction loan proceeds were exhausted, 4321 still owed $716,326.06 to A.R. Mays and issued a promissory note to it for that amount with an annual interest rate of 7.0%.

¶3  About two years later in January 2011, A.R. Mays assigned all its rights, title, and interest in the promissory note to ARMC. On the same day as the assignment, ARMC obtained a deed of trust from 4321 to secure the note. A few days later, ARMC recorded its deed of trust, which was junior to the first deed of trust.

¶4  Also in January 2011, 4321 defaulted on ARMC's promissory note and failed to make its payments under the first deed of trust. The first deed of trust holder assigned the deed to Karlin–4321 Scottsdale, LLC, ("Karlin"). Several weeks later, because of 4321's default and on Karlin's behalf, Fennemore Craig, acting as trustee and through an agent, recorded a trustee's notice of sale for the property ("the first sale"). The notice listed Karlin as beneficiary and 4321 as trustor.

¶5  Fennemore Craig mailed the notice of trustee's sale to parties who had recorded interests in the property—based on a list Thomas Title & Escrow provided in a Trustee's Sale Guaranty. Fennemore Craig conducted the sale, and Karlin was the highest bidder. Fennemore Craig then issued a trustee's deed to Karlin that was recorded on May 10, 2011. Several months later, Fennemore Craig discovered that ARMC had a recorded junior

2

interest in the property, but had been omitted from the Trustee's Sale Guaranty list and thus had not received notice of the first sale.

¶6        As a result, on Karlin's behalf, Burch & Cracchiolo, P.A., acting as trustee and through an agent, recorded another trustee's notice of sale for the property to reconduct the sale ("the second sale"). The notice also listed Karlin as beneficiary and 4321 as trustor. ARMC received notice of the second sale, but neither attended the sale nor sought to obtain an injunction to prevent it. Karlin was the highest bidder and received a trustee's deed that was recorded.

¶7        ARMC subsequently filed a complaint against Fennemore Craig, alleging that it did not get notice of the first sale and that Fennemore Craig's "failure to provide notice to ARMC of the Trustee's Sale constituted negligence per se." Fennemore Craig moved for summary judgment, and ARMC cross-moved for summary judgment. After a hearing, the trial court granted Fennemore Craig's motion and denied ARMC's motion. ARMC timely appealed.

## DISCUSSION

¶8        As relevant to our resolution of this appeal, ARMC argues that the trial court erred by granting summary judgment because the first sale was final, Arizona does not preclude post-trustee's sale claims that do not challenge the sale, and Fennemore Craig was negligent per se in failing to give notice of the first sale to ARMC. Summary judgment may be granted when no genuine issue as to any material fact exists, and the moving party is entitled to judgment as a matter of law. Ariz. R. Civ. P. 56(c)(1). We review a summary judgment order de novo. *Cannon v. Hirsch Law Office, P.C.*, 222 Ariz. 171, 174 ¶ 7, 213 P.3d 320, 323 (App. 2009). We view the evidence and reasonable inferences "in the light most favorable to the party opposing the motion." *Wells Fargo Bank v. Ariz. Laborers Local No. 395 Pension Trust Fund*, 201 Ariz. 474, 482 ¶ 13, 38 P.3d 12, 20 (2002). As discussed below, because no genuine issue of any material fact exists, Fennemore Craig was entitled to judgment as a matter of law, and the trial court did not err in granting summary judgment in its favor.

### 1. The Validity of the Trustee's Sales

¶9        In Arizona, non-judicial foreclosure sales, or trustee's sales, are governed by statute. *See* A.R.S. §§ 33–801 to –821; *In re Vasquez*, 228 Ariz. 357, 359 ¶ 4, 266 P.3d 1053, 1055 (2011) ("[T]he deed of trust scheme is a creature of statutes."). When parties execute a deed of trust, and the debtor later defaults, A.R.S. § 33–807 empowers the trustee to sell the real property,

securing the underlying note through a non-judicial sale. As relevant here, the trustee must provide notice of the sale to every person that records an interest in the trust property. A.R.S. § 33–809(B)(2). Once the property has been sold and payment received, the trustee executes and records the trustee's deed and upon request provides an unrecorded copy to the purchaser. A.R.S. § 33–811(B).

¶10 ARMC argues that Fennemore Craig could not cure the notice defect in the first sale by conducting the second sale. But if a lienholder does not receive notice of a sale because of an inadvertent mistake, including omission from the list of those given notice, under certain circumstances, the trustee can reconduct the sale to include the inadvertently omitted party. *CS & W Contractors, Inc. v. Sw. Sav. & Loan Ass'n*, 175 Ariz. 55, 61, 852 P.2d 1239, 1245 (App. 1992) (providing that a mortgagee can reconduct a foreclosure sale to include a subsequent grantee who had been inadvertently omitted from the action), *opinion vacated in part on other grounds,* 180 Ariz. 167, 168, 883 P.2d 404, 405 (1994) (approving the court of appeal's conclusion).

¶11 Here, ARMC did not receive notice of the first sale because the Trustee's Sale Guaranty list inadvertently omitted it. Accordingly, as trustee and on Karlin's behalf, Burch & Cracchiolo was entitled to conduct the second sale to include ARMC, which it did. Thus, the second sale cured Fennemore Craig's failure to provide ARMC notice of the first sale. Further, although the second sale was properly noticed to ARMC, ARMC neither attended the sale nor sought to obtain an injunction to prevent it. Consequently, because ARMC did not seek relief under Arizona Rule of Civil Procedure 65, *see* A.R.S. § 33–811(C), the second sale became final and the recorded trustee's deed to Karlin conclusive.

## 2. Defenses and Objections to the Sales

¶12 Defenses and objections to a trustee's sale are governed by A.R.S. § 33–811(C), which provides that "all persons to whom the trustee mails a notice of sale under a trust deed pursuant to section 33–809 shall waive all defenses and objections to the sale not raised in an action that results in the issuance of a court order granting relief pursuant to rule 65." "Under this statute, a person who has defenses or objections to a properly noticed trustee's sale has one avenue for challenging the sale: filing for injunctive relief." *BT Capital, LLC v. TD Serv. Co. of Ariz.*, 229 Ariz. 299, 301 ¶ 10, 275 P.3d 598, 600 (2012). Once a trustee's sale is complete, the only defense a person subject to § 33–811(C) may raise is lack of notice of the sale. *Steinberger v. McVey ex rel. Cnty. of Maricopa*, 234 Ariz. 125, 136 ¶ 42, 318 P.3d

419, 430 (App. 2014). Here, ARMC undisputedly did not seek or obtain an injunction before the second sale. Therefore, by operation of § 33–811(C), it waived all defenses and objections to the sale. When Karlin received the second recorded trustee's deed, it obtained title to the property and all of ARMC's interests and claims to the property were extinguished.

¶13        ARMC counters that it "does not challenge the validity of the trustee's sale to Karlin or seek to rescind the sale," instead, it "merely seeks damages against [Fennemore Craig] for lack of notice of the sale and the resulting damages." But ARMC's argument fails because it is based on a faulty premise: the notice for the first sale remained defective, regardless of the second sale. By notifying ARMC of and conducting the second sale, however, Burch & Cracchiolo cured the notice defect of the first sale—a process approved of by our supreme court in *CS & W Contractors*. To bring any defense or objection, ARMC needed to seek or obtain an injunction for the second sale, but it failed to do so.

¶14        Regardless of the waiver, ARMC cannot maintain its negligence per se claim against Fennemore Craig. "It is the prevailing rule, recognized in Arizona, that a breach of a statute intended as a safety regulation is not merely evidence of negligence but is negligence per se." *Brannigan v. Raybuck*, 136 Ariz. 513, 517, 667 P.2d 213, 217 (1983). A claim for negligence per se must be based on a statute enacted "for the protection and safety of the public." *Steinberger*, 234 Ariz. at 139 ¶ 56, 318 P.3d at 433. Arizona's deed of trust statutes were enacted to bypass time-consuming and expensive judicial foreclosure by using the power of sale authority to sell property securing a delinquent loan after complying with statutory procedural requirements. *In re Krohn*, 203 Ariz. 205, 208 ¶¶ 10–11, 52 P.3d 774, 777 (2002). Because § 33–809 was not enacted for public protection and safety, ARMC cannot maintain a negligence per se claim.

¶15        Moreover, ARMC cannot claim damages even under a common law negligence action because Fennemore Craig owed it no duty. *See Gipson v. Kasey*, 214 Ariz. 141, 143 ¶ 11, 150 P.3d 228, 230 (2007) (providing that a conclusion that no duty exists for a common law negligence claim is equivalent to a rule that a defendant "may not be held accountable for damages [it] carelessly [caused], no matter how unreasonable [its] conduct"); *Delci v. Gutierrez Trucking Co.*, 229 Ariz. 333, 335 ¶ 8, 275 P.3d 632, 634 (App. 2012) (providing that whether a defendant owes the plaintiff a common law duty is a threshold issue; absent some duty, an action for negligence cannot be maintained). Here, as trustee under the deed of trust, Fennemore Craig was a common agent between 4321, the trustor, and Karlin, the beneficiary. *See In re Bisbee*, 157 Ariz. 31, 34, 754 P.2d

1135, 1138 (1988) ("A trustee under a deed of trust has neither the legal powers nor the obligations of a trustee under traditional trust law [but rather] serves as a type of common agent for both parties [the trustor and beneficiary]."). Fennemore Craig accordingly owed 4321 and Karlin a "duty to comply with the obligations created by the statutes governing trustee sales and the trust deed," but no duty to ARMC, a junior lienholder, to comply with such obligations. *Hogan v. Washington Mut. Bank, N.A.*, 230 Ariz. 584, 587 ¶ 11, 277 P.3d 781, 784 (2012). Consequently, because no genuine issue of any material fact exists, Fennemore Craig was entitled to judgment as a matter of law. The trial court did not err in granting summary judgment in its favor.

### 3. Costs on Appeal

¶16      ARMC requests costs on appeal. Because ARMC is not the successful party, we deny its request.

### CONCLUSION

¶17      For the foregoing reasons, we affirm.



Ruth A. Willingham · Clerk of the Court
FILED: ama