377 P.3d 1016

Maria Theresa **VERDUZCO** and Gustavo Mendoza, individually and as guardians ad litem on behalf of their injured children Edwin Mendoza, Gustavo Mendoza, Jr., Gissell Mendoza; Javier Velasquez and Dora Verduzco, as successors in interest to their deceased son, Edgar Velasquez, Plaintiffs/Appellants,

v.

**AMERICAN VALET**, an Arizona business entity; Daniel Casey, an individual as an employee of American Valet; 7277 Scottsdale Hotel, LLC, an Arizona limited liability company, Defendants/Appellees.

No. 1 CA–CV 15–0138

Court of Appeals of Arizona,
Division 1.

FILED 6/21/2016

Knapp & Roberts, P.C., Scottsdale, By David L. Abney, Co–Counsel for Plaintiffs/Appellants.

Law Offices of Larry H. Parker PC, Phoenix, By Kathleen McCaffrey, Co–Counsel for Plaintiffs/Appellants.

Robinson Calcagnie Robinson Shapiro Davis Inc., Newport Beach, CA, By Scot D. Wilson, Co–Counsel for Plaintiffs/Appellants.

Jones, Skelton & Hochuli, P.L.C., Phoenix, By Michael A. Ludwig, Jennifer B. Anderson, Brandi C. Blair, Lori L. Voepel, Counsel for Defendants/Appellees.

Arent Fox LLP, Washington, DC, By Michael L. Stevens, Melissa A. Meister, Counsel for Amicus Curiae National Parking Association.

Burke Panzarella Rich, Phoenix, By Elizabeth L. Fleming, Counsel for Amicus Curiae Arizona Association of Defense Counsel.

Presiding Judge Samuel A. Thumma delivered the opinion of the Court, in which Judge Maurice Portley and Judge John C. Gemmill joined.

## OPINION

THUMMA, Judge:

¶ 1 The narrow dispositive issue in this appeal is whether, as a pleading matter, plaintiffs properly alleged Arizona common law negligent entrustment and negligence claims against defendants. Plaintiffs claim that defendants, while in possession of a sports car as a bailee for its owner, gave the car to an individual who was not the owner and did not have permission to take the car, and who defendants should have known was impaired by drugs and alcohol and incompetent to drive. That same individual then crashed the car into plaintiffs' vehicle, killing one occupant and seriously injuring the others. For the reasons that follow, the dismissal of the negligent entrustment claim is reversed and remanded for further proceedings. The dismissal of plaintiffs' negligence claim, however, is affirmed.

## FACTS AND PROCEDURAL HISTORY

¶ 2 As alleged in the complaint, one day in November 2012, the owner of a racing edition Porsche Carrera parked the car with appellee American Valet while visiting a resort in Scottsdale. In return, an American Valet employee gave the owner a claim ticket for the Porsche.

¶ 3 Later that day, John Morken approached American Valet employee Daniel Casey. Morken had not parked the Porsche with American Valet, did not have a claim ticket for the car, did not know the owner of the car and did not have permission to take the car. Morken, however, told Casey "Give me the Porsche, man!" Casey responded, "What's your name?" Morken replied, "Give me the Porsche man, let's go!" Although Morken did not provide Casey a claim ticket, identification, or his name, and "was high on drugs and behaving erratically," Casey gave him the keys to the Porsche. Morken then sped away in the Porsche.

¶ 4 Still later that day, while driving the Porsche at a high rate of speed on Interstate 10, Morken crashed into a Chevrolet Suburban driven by Maria Verduzco. The Suburban had five passengers: Maria's husband Gustavo Mendoza and family members Edwin Mendoza, Gustavo Mendoza Jr., Gissell Mendoza and Edgar Velasquez. Edgar was killed in the crash; Gissell suffered catastrophic brain injuries and the other occupants were seriously injured. As a result, Morken pled guilty to second degree murder and other offenses and is now serving a 16–year prison term.

¶ 5 Maria and Gustavo Mendoza, individually and as guardians ad litem on behalf of their children Edwin, Gustavo Jr. and Gissell, and Javier Velasquez and Dora Verduzco, as successors in interest to their deceased son Edgar (collectively Appellants) sued American Valet, 7277 Scottsdale Hotel, LLC, and Daniel Casey (collectively Appellees)[1] alleging, as relevant here, Arizona common law negligent entrustment and general negligence claims, and corresponding wrongful death claims. Appellees moved to dismiss for failure to state a claim upon which relief could be granted, arguing Appellants failed to properly plead a claim for negligent entrustment and that the general negligence claim failed on duty grounds.[2] After briefing

---

1. Appellants allege American Valet employed Casey and that 7277 Scottsdale Hotel, LLC, the owner of the resort, is vicariously liable.

2. Before briefing on the motion to dismiss, Appellants voluntarily dismissed with prejudice an aggravated negligence/recklessness claim and their claims for punitive damages.

and oral argument, the superior court granted the motion to dismiss. On the negligent entrustment claim, the court held Appellants failed to plead that Appellees knew or should have known that Morken was under the influence of drugs or alcohol. For the general negligence claim, the court held Appellees owed Appellants no duty. The court also dismissed the wrongful death claim, which was based on these negligent entrustment and general negligence claims.

¶ 6 After entry of a final judgment, Appellants filed this timely appeal. This court has jurisdiction pursuant to the Arizona Constitution, Article 6, Section 9, and Arizona Revised Statutes sections 12–2101(A)(1) and –120.21(A)(1) (2016).[3]

## DISCUSSION

### I. Standard Of Review.

¶ 7 In reviewing the grant of a motion to dismiss for failure to state a claim, this court assumes the truth of all well-pled facts alleged in the complaint, *Fidelity Sec. Life Ins. Co. v. State*, 191 Ariz. 222, 224 ¶ 4, 954 P.2d 580, 582 (1998), and will "indulge all reasonable inferences therefrom," *Cullen v. Auto-Owners Ins. Co.*, 218 Ariz. 417, 420 ¶ 7, 189 P.3d 344, 347 (2008). To prevail on a motion to dismiss for failure to state a claim, the moving party must establish that the claimant would not be entitled to relief under any set of facts susceptible of proof. *Fidelity Sec. Life Ins. Co.*, 191 Ariz. at 224 ¶ 4, 954 P.2d at 582. This court reviews an order granting such a motion de novo. *Coleman v. City of Mesa*, 230 Ariz. 352, 355 ¶ 7, 284 P.3d 863, 866 (2012).

### II. Appellants Adequately Pled Negligent Entrustment.

¶ 8 Arizona recognizes a cause of action for negligent entrustment as set forth in Restatement (Second) of Torts (Restatement Second) § 390 (1965), which provides:

> One who supplies directly or through a third person a chattel for the use of another whom the supplier knows or has reason to know to be likely because of his youth, inexperience, or otherwise, to use it in a manner involving unreasonable risk of physical harm to himself and others whom the supplier should expect to share in or be endangered by its use, is subject to liability for physical harm resulting to them.

*See also Tissicino v. Peterson*, 211 Ariz. 416, 419 ¶ 7, 121 P.3d 1286, 1289 (App. 2005); *Brannigan v. Raybuck*, 136 Ariz. 513, 516, 667 P.2d 213, 216 (1983). As applicable here, the elements of an Arizona common law negligent entrustment claim are:

> (1) "that Defendant owned or controlled a vehicle"; (2) "Defendant gave the driver permission to operate a vehicle"; (3) "the driver, by virtue of his physical or mental condition, was incompetent to drive safely"; (4) "the Defendant knew or should have known that the driver, by virtue of his physical or mental condition, was incompetent to drive safely"; (5) "causation"; and (6) "damages."

*Acuna v. Kroack*, 212 Ariz. 104, 110 ¶ 22, 128 P.3d 221, 227 (App. 2006) (citing *Powell v. Langford*, 58 Ariz. 281, 285, 119 P.2d 230, 234 (1941)). Appellees argue Appellants failed to adequately allege that they knew or should have known Morken was incompetent to drive safely. Appellees also argue Appellants' complaint failed to state a claim because, as a matter of public policy, Arizona should exempt valet parking services from claims of negligent entrustment.[4]

### A. Appellants Adequately Pled Facts That Appellees Knew Or Should Have Known Morken Was Incompetent To Drive.

¶ 9 To satisfy the "incompetent to drive" element of a negligent entrustment claim, Appellants were required to adequately plead facts that Appellees "knew or should have known that the driver, by virtue of his physical or mental condition, was incompetent to drive safely." *Acuna*, 212 Ariz. at 109

---

3. Absent material revisions after the relevant dates, statutes and rules cited refer to the current version unless otherwise indicated.

4. Appellees argue Appellants waived their claim of error regarding negligent entrustment "by failing to identify it as one presented for review or argue that the trial court erred." Appellants' opening brief, however, clearly challenges the ruling on negligent entrustment and does so in substantial detail. Appellants did not waive their arguments regarding negligent entrustment. *See* Ariz. R. Civ. App. P. 13(a)(6) & (7).

¶ 17, 128 P.3d at 226 (citing *Powell*, 58 Ariz. at 285, 119 P.2d at 234). Under Arizona's notice pleading rules, "it is not necessary to allege the evidentiary details of plaintiff's claim for relief." Daniel J. McAuliffe & Shirley J. McAuliffe, Arizona Civil Rules Handbook at 21 (2015 ed.). Instead, "[a] short and plain statement of the claim showing that the pleader is entitled to relief" suffices. Ariz. R. Civ. P. 8(a)(2). In addition, "knowledge, and other condition of mind of a person may be averred generally." Ariz. R. Civ. P. 9(b). "The test is whether enough is stated to entitle the pleader to relief on some theory of law susceptible of proof under the allegations made." McAuliffe & McAuliffe, *supra*, at 144.

¶ 10 Appellants' 20–page complaint alleges "Morken was under the influence of drugs and extremely intoxicated and impaired" and "by virtue of his physical or mental condition (e.g., intoxication and drug use) was incompetent to drive safely." The complaint elsewhere alleges that "[a]t the time of the incident, Morken was high on drugs and behaving erratically." The complaint also alleges that, "under the circumstances, [Appellees] knew or should have known [Morken] had no right to drive off with the vehicle and [Morken] posed a significant threat to the safety of others because of his being under the influence of drugs." The complaint further alleges Appellees "should have known that ... Morken, by virtue of his physical or mental condition, was incompetent to drive safely" and "should have known of ... Morken's incompetence to drive when [they] permitted him to do so." Notwithstanding these allegations, Appellees argue the complaint alleged no facts supporting the assertion that Appellees knew or should have known Morken was intoxicated and high on drugs and therefore incompetent to drive safely.

¶ 11 There is no real dispute that the complaint put Appellees on notice of Appellants' claim. *See* McAuliffe & McAuliffe, *supra*, at 144 ("The purpose of Arizona's liberal pleading standards is to avoid technicalities and to give the opposing party notice of the basis for the claim and of its general nature.

ture."). Although Appellees point to selected dictionary definitions for "erratic," the complaint alleges Morken "was high on drugs and behaving erratically," that his use of alcohol and drugs meant he was not able to drive safely and that Appellees should have known he could not drive safely given his impairment. Appellees cite no case law supporting the argument that, as a pleading matter, the allegations in the complaint were inadequate to properly allege that Appellees knew or should have known Morken was incompetent to drive safely.

¶ 12 The factually intensive nature of a "reason to know" inquiry further suggests the complaint was adequate. Whether a person has "reason to know" something is a fact question and the element is proven if a reasonable person would "either infer the existence of the fact in question or would regard its existence as so highly probable that his [or her] conduct would be predicated upon the assumption that the fact did exist." *Williamson v. PVOrbit, Inc.*, 228 Ariz. 69, 73 n. 1 ¶ 20, 263 P.3d 77, 81 n. 1 (App. 2011) (citation omitted); *see also Coventry Homes, Inc. v. Scottscom P'ship*, 155 Ariz. 215, 219, 745 P.2d 962, 966 (App. 1987) (quoting Restatement Second § 12 ("Reason to Know, Should Know")). Given the nature of an Arizona common law negligent entrustment claim and Arizona's liberal pleading standard, to survive a motion to dismiss for failure to state a claim, Appellants were not required to allege more detail about Morken's actions than they did, nor speculate about what Casey actually knew. This is particularly true given the limited record on a motion to dismiss for failure to state a claim, which does not include disclosures, discovery or other external evidence.[5] Accordingly, the allegations in the complaint properly stated a claim for negligent entrustment.

**B. Appellees Have Not Shown Arizona Should Exempt Valet Parking Services From Negligent Entrustment Claims.**

¶ 13 For at least 85 years, Arizona law has recognized that a negligent entrustment

---

**5.** At the hearing before the superior court, there was mention of a video of the interaction between Casey and Morken, which that court did not review. Given this appeal is from the grant of a motion to dismiss for failure to state a claim, the record is limited to the allegations in the complaint.

claim may be brought against a party who provides a car to an incompetent driver who then injures a third party. *See, e.g., Powell v. Langford*, 58 Ariz. 281, 119 P.2d 230 (1941); *Lutfy v. Lockhart*, 37 Ariz. 488, 295 P. 975 (1931); *Acuna v. Kroack*, 212 Ariz. 104, 128 P.3d 221 (App. 2006). Notwithstanding this history, Appellees argue Arizona should exempt valet parking services from negligent entrustment claims.

### 1. The Cases Cited By Appellees Do Not Address The Facts Alleged By Appellants.

■ ¶ 14 In arguing Arizona should exempt valet parking services from negligent entrustment claims, Appellees cite *Knighten v. Sam's Parking Valet*, 206 Cal.App.3d 69, 253 Cal.Rptr. 365, 366–68 (1988); *Weber ex rel. Estate of Weber v. Marino Parking Sys., Inc.*, 100 So.3d 729, 730 (Fla. Dist. Ct. App. 2012) and *Mills v. Cont'l Parking Corp.*, 86 Nev. 724,475 P.2d 673, 674 (1970). [6] Unlike this case, however, those cases involved a valet parking service returning a car to the rightful owner of the car, a distinction that matters.

¶ 15 *Weber* and *Mills* held that a drunk owner has an absolute right to the return of his or her car from a valet upon demand and that a valet's failure to comply with that demand would constitute conversion. *See Weber*, 100 So.3d at 730–31; *Mills*, 475 P.2d at 674. Relying on California statutory provisions not present in Arizona, *Knighten* held a valet had a *right* to withhold the car from a drunk owner (a right to interfere with an attempt to commit a crime) but did not have a *duty* to do so. 253 Cal.Rptr. at 368.

¶ 16 Those three cases clearly held that valets were not liable for negligent entrustment when they returned a car to its rightful owner. Appellants' claims, however, do not involve a valet returning a car to its rightful owner. Instead, the complaint alleges that Morken was not the rightful owner of the Porsche and there is no allegation that Appellees had any reason to believe otherwise. Given this important factual distinction, the analysis in *Weber*, *Mills* and *Knighten* does not apply here and provides no legal basis for

Arizona to exempt valet parking services from negligent entrustment claims.

### 2. Appellees Have Not Shown That A Valet Parking Service Does Not Control The Vehicles It Parks.

■ ¶ 17 Appellees next argue that, as a bailee, they had "transitory" control that did not rise to the level of the control required for a negligent entrustment claim. The authority for this argument is a sentence in a footnote in *Knighten*, comparing valet parking services to police officers, who are not liable for negligent entrustment if they allow the driver of a car to continue driving after a traffic stop. 253 Cal.Rptr. at 366 n. 1 ("[T]he valet has transitory 'control' over the bailor's automobile, but only in the sense of the brief police detentions which were found insufficient to give rise to a duty in" other California decisions.). This statement, which is not binding in Arizona, also does not appear to recognize that a valet takes possession and has complete control of and responsibility for the car against the world (other than the rightful owner), constituting far greater control over the car than a police officer undertakes during a brief traffic stop. And for an Arizona negligent entrustment claim, ownership is not required. *See Tissicino*, 211 Ariz. at 419 ¶¶ 9–11, 121 P.3d at 1289 (citing authority). Moreover, Appellees cite no Arizona authority for the proposition that a negligent entrustment claim turns on the duration of the control. Instead, the right to control, even if of limited duration, is the focus. *See* Restatement Second § 308 cmt. a.

■ ¶ 18 It is undisputed that Appellees acted as a bailee by taking possession of the Porsche. Under Arizona law, a bailment is defined, in part, as the bailee having "sole custody and *control*" of the property in question. *Blair v. Saguaro Lake Dev. Co.*, 17 Ariz.App. 72, 74, 495 P.2d 512 (1972) (emphasis added; citation omitted). As such, Appellees had "sole custody and control" of the Porsche when Morken asked for the keys. *See id.* There is no allegation that Morken used or threatened force to take the Porsche

---

**6.** Amicus National Parking Association primarily relies on these same cases, and amicus Arizona Association of Defense Counsel also discusses

them in pressing a substantially similar argument.

from Appellees' control. Accordingly, based on the allegations in the complaint, Appellees have not shown that a valet parking service does not have control of a vehicle it parks for the purposes of a negligent entrustment claim.

### 3. A Valet Parking Service Can Supply A Car To Another For Purposes Of A Negligent Entrustment Claim.

¶ 19 Appellees argue that Restatement Second § 390 does not impose a duty on a valet "to withhold keys from an intoxicated patron, whether or not the patron is authorized to drive the car." Morken, however, was not authorized to drive the car. Moreover, Appellees' argument is contrary to the Restatement Second and Arizona law.

¶ 20 As discussed above, Arizona has adopted Restatement Second § 390, which provides that a person who supplies property to another who is likely to use it in a manner involving an unreasonable risk of physical harm is liable for resulting physical harm to third parties. See Tissicino, 211 Ariz. at 419 ¶¶ 7–8, 121 P.3d at 1289; Brannigan, 136 Ariz. at 516, 667 P.2d at 216. Appellees argue, however, that Restatement Second § 390 does not apply because they were bailees, not owners, relying on the following comment:

> The rule stated applies to anyone who supplies a chattel for the use of another. It applies to sellers, lessors, donors or lenders, and to all kinds of bailors, irrespective of whether the bailment is gratuitous or for consideration.

Restatement Second § 390 cmt. a. In essence, Appellees argue that "anyone" in the first sentence of this comment is limited to the groups listed in the second sentence, which do not include bailees. Appellees' argument, however, would render the first sentence meaningless and ignores the breadth of the word "anyone," a result this court is to avoid. Cf. McElhaney Cattle Co. v. Smith, 132 Ariz. 286, 290, 645 P.2d 801, 805 (1982) ("[T]he meaning to be ascribed to the words is that which is generally understood and used by the people."); In re Cameron T., 190 Ariz. 456, 460, 949 P.2d 545, 549 (App. 1997) ("[T]he court must give meaning to each word, phrase, clause, and sentence of the provision."). Moreover, as discussed above,

the supplier of the property need not be an owner for there to be a negligent entrustment under Arizona law. See Tissicino, 211 Ariz. at 419 ¶¶ 9–11, 121 P.3d at 1289 (citing authority).

¶ 21 Appellees' argument also focuses on the wrong parties. Although Appellees were bailees of the Porsche with respect to the rightful owner, the focus of a negligent entrustment claim is the relationship between the supplier of the property and the person likely to use the property in an unreasonably dangerous manner. See also Restatement Second § 308 cmt. a (noting a person may be liable for negligent entrustment who "has reason to believe that by withholding consent he can prevent the third person from using the thing or engaging in the activity"). Appellees are not bailees with respect to Morken. Thus, even if this court were to accept Appellees' narrow interpretation of Restatement Second § 390, the argument would fail because Morken was not the owner of the Porsche.

¶ 22 Appellees also cite two Arizona cases for the proposition that an owner or possessor of a car is not liable for damages caused by someone who steals the car and later causes a collision. See Shafer v. Monte Mansfield Motors, 91 Ariz. 331, 334, 372 P.2d 333 (1962); Delci v. Gutierrez Trucking Co., 229 Ariz. 333, 336 ¶ 11, 275 P.3d 632, 635 (App. 2012). In those cases, the owners left the keys inside the cars and thieves then stole the cars, eventually injuring others. See Shafer, 91 Ariz. at 333, 372 P.2d 333; Delci, 229 Ariz. at 334 ¶ 3, 275 P.3d 632. There was no valet or bailment involved. Here, by contrast, Appellants allege Appellees willingly gave control of the car to Morken. Moreover, Shafer and Delci held the owners of the cars had no duty to third parties under a general negligence theory, not negligent entrustment. Shafer, 91 Ariz. at 334–35, 372 P.2d 333; Delci, 229 Ariz. at 335–36 ¶¶ 8–11, 275 P.3d at 634–35. Accordingly, these cases do not stand for the proposition that Arizona exempts valet parking services from negligent entrustment claims.

¶ 23 This appeal is from an order granting Appellees' motion to dismiss Appellants' negligent entrustment claim for failure to state a

claim. From the allegations in the complaint, without the benefit of disclosure, discovery or other external evidence, Appellants properly have alleged an Arizona common law negligent entrustment claim against Appellees. As particularly relevant here, the complaint alleges Appellees entrusted the Porsche to Morken, who they had reason to know was under the influence and behaving erratically and was incompetent to drive and who had no right or lawful authority to the car. As a pleading matter, Appellees have not shown that Appellants' negligent entrustment claim fails as a matter of law. *See Tissicino*, 211 Ariz. at 419 ¶¶ 9–11, 121 P.3d at 1289.

### III. The Superior Court Did Not Err By Dismissing The General Negligence Claim.

¶ 24 Although described in various ways, a plaintiff alleging an Arizona general negligence claim must show: (1) a duty requiring the defendant to conform to a certain standard of care; (2) defendant's breach of that duty; (3) cause in fact; (4) legal cause; and (5) actual damages. *See Gipson v. Kasey*, 214 Ariz. 141, 143 ¶ 9, 150 P.3d 228, 230 (2007); *Alcombrack v. Ciccarelli*, 238 Ariz. 538, 542 ¶ 6, 363 P.3d 698, 702 (App. 2015). "The first element, whether a duty exists, is a matter of law for the court to decide." *Gipson*, 214 Ariz. at 143 ¶ 9, 150 P.3d at 230. Absent duty, an action for negligence fails. *Id.* at 143 ¶ 11, 150 P.3d at 230. A party claiming negligence has the burden to show a duty. *Id.* at 143 ¶ 9, 150 P.3d at 230.

¶ 25 In arguing a duty is present here, Appellants ask this court to adopt the Restatement (Third) of Torts: Liability for Physical and Emotional Harm (Restatement Third) § 7(a) (2010). That provision states "[a]n actor ordinarily has a duty to exercise reasonable care when the actor's conduct creates a risk of physical harm." Restatement Third § 7(a). Recently, this court rejected just such a request. *See Alcombrack v. Ciccarelli*, 238 Ariz. 538, 542–43 ¶ 11–14, 363 P.3d 698, 702–03 (App. 2015). Appellants have not shown that the result in this case, in this respect, should differ from *Alcombrack*.

¶ 26 Contrary to Appellants' argument, dicta in *Ontiveros v. Borak*, 136 Ariz. 500, 667 P.2d 200 (1983), quoted in *Nunez v.*

*Professional Transit Mgmt. of Tucson, Inc.*, 229 Ariz. 117, 121 ¶ 17, 271 P.3d 1104, 1108 (2012), does not show that Arizona adopted the standard reflected in Restatement Third § 7(a). *See Alcombrack*, 238 Ariz. at 542–43 ¶ 13, 363 P.3d at 702–03 (citing cases). For these reasons, Appellants have not shown that this court should adopt Restatement Third § 7(a) in this case or that the dicta in *Ontiveros* shows that Arizona previously adopted the standard later reflected in Section 7(a). *Alcombrack*, 238 Ariz. at 542–43 ¶ 11–14, 363 P.3d at 702–03 (citing cases). Moreover, Appellants have not shown that Appellees owed a general negligence duty to them (and, in essence, the world) based on statute, special relationship, public policy or otherwise. *See generally Gipson*, 214 Ariz. 141, 150 P.3d 228 (2007). Accordingly, the superior court did not err by dismissing Appellants' general negligence claim.

### IV. The Parties' Other Arguments On Appeal.

¶ 27 Because Appellees have not shown Appellants' negligent entrustment claim fails as a matter of law, the corresponding wrongful death claim based on Edgar's death similarly should not have been dismissed. Finally, Appellants claim that "removing punitive damages from the case at this point is improper." As Appellees correctly note, however, Appellants voluntarily dismissed with prejudice their aggravated negligence/recklessness cause of action "and the claim for punitive damages as a remedy." This dismissal, which was proper under Ariz. R. Civ. P. 41(a), means that no claim for punitive damages remains pending in this case. Accordingly, Appellants' voluntary action means that dismissing the punitive damages claim was not improper.

### CONCLUSION

¶ 28 The dismissal of Appellants' claim for negligent entrustment, and related wrongful death claim, is reversed and the case is remanded for further proceedings consistent with this opinion. The superior court's dismissal of Appellants' common law negligence

claim and related wrongful death claim is affirmed.

2. Absent material revisions after the relevant dates, statutes and rules cited refer to the current version unless otherwise indicated.