NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

CHARLOTTE CAPP, *Plaintiff/Appellant*,

*v.*

ALLEN WELCH, III, *Defendant/Appellee*.

No. 1 CA-CV 21-0018
FILED 11-2-2021

Appeal from the Superior Court in Yavapai County
No. P1300CV202000055
The Honorable Michael P. McGill, Judge

**AFFIRMED**

COUNSEL

Ayon Law, PLLC, Phoenix
By Luis A. Ayon Jr.
*Counsel for Plaintiff/Appellant*

Wright Welker & Pauole PLC, Phoenix
By Dominic L. Verstegen
*Counsel for Defendant/Appellee*

---

**MEMORANDUM DECISION**

---

Judge Paul J. McMurdie delivered the Court's decision, in which Presiding Judge Peter B. Swann and Judge David D. Weinzweig joined.

---

**M c M U R D I E**, Judge:

**¶1**        Charlotte Capp appeals from the superior court's summary judgment to Allen Welch III on her personal-injury complaint. We affirm.

## FACTS AND PROCEDURAL BACKGROUND

**¶2**        Capp was struck by an all-terrain vehicle ("ATV") while walking on the sidewalk of South Main Street in Cottonwood. The police determined that Welch owned the ATV, but he was not driving it at the time of the accident because he was working in Bagdad. Welch typically kept the ATV at his father's property in Cottonwood.

**¶3**        According to Welch's father, around 20 to 30 people attended a bonfire on his property the night of the accident. While he did not know who used the ATV, he speculated that one of the bonfire attendees may have taken it without permission. Unfortunately, the driver was never identified.

**¶4**        Capp sued Welch, alleging (1) Welch is liable under the family purpose doctrine; (2) Welch negligently entrusted the ATV to the driver; and (3) "Welch was negligent in supervising his [ATV]."

**¶5**        The superior court granted summary judgment to Welch. Noting the facts were largely undisputed, the court found that the family purpose doctrine did not apply, no evidence showed Welch had negligently entrusted the ATV to his father or the driver, and Welch did not owe Capp a duty of care. Capp appealed, and we have jurisdiction under A.R.S. § 12-2101(A)(1).

## DISCUSSION

**¶6**        We review *de novo* whether summary judgment is warranted, including whether genuine issues of material fact exist and whether the trial court correctly applied the law. *Am. Furniture Warehouse Co. v. Town of Gilbert*, 245 Ariz. 156, 159, ¶ 9 (App. 2018). We typically view the evidence

in the light most favorable to the non-moving party. *Normandin v. Encanto Adventures, LLC*, 246 Ariz. 458, 460, ¶ 9 (2019). But Capp did not file a controverting statement of facts, relying instead on Welch's evidence. We, therefore, may accept Welch's evidence as accurate if only one inference can be drawn from it. *Tilley v. Delci*, 220 Ariz. 233, 237, ¶ 11 (App. 2009); *see also* Ariz. R. Civ. P. 56(e).

## A.     Welch Did Not Owe Capp a Duty to Supervise the ATV.

¶7        Capp contends the superior court erred by finding Welch owed her no duty to supervise his ATV. A duty of care can arise out of either the relationship between the parties or public policy. *Gipson v. Kasey*, 214 Ariz. 141, 144–46, ¶¶ 18–26 (2007). There is no evidence of any preexisting relationship between Capp and Welch. Thus, Capp relies on public policy to argue Welch owed her a duty to "ensur[e] that those using the vehicle are competent to drive."

¶8        This court addressed a similar public policy argument in *Delci v. Gutierrez Trucking Co.*, 229 Ariz. 333 (App. 2012). In *Delci*, an unknown thief stole a tractor-trailer and injured the plaintiffs in a collision. *Id.* at 334, ¶¶ 2–3. The plaintiffs sued the tractor-trailer owner, claiming he negligently failed to secure the vehicle. *Id.* at 334, ¶ 4. The plaintiffs argued public policy should require all vehicle owners to take reasonable measures to prevent theft. *Id.* at 336, ¶ 13. But we reasoned that, absent a special relationship, there is no duty "to control the conduct of a third person as to prevent him from causing physical harm to another[.]" *Id.* at 337, ¶ 16 (quoting Restatement (Second) of Torts § 315 (1965)). We affirmed the rule that "the duty of a [vehicle] owner to exercise reasonable care in the management of his [vehicle] does not include a duty to protect others from the negligent driving of a thief." *Delci*, 229 Ariz. at 338, ¶ 17.

¶9        Capp tries to distinguish this case from *Delci* by arguing the driver was not "a thief or some unknown person," but "a partygoer at [Welch's] father's home who had consent to take the ATV at any time." But the only evidence the driver was a partygoer is Welch's father's speculation that someone at the bonfire may have taken the ATV without his permission. And Capp offered no evidence to support her contentions on appeal that the bonfire attendees "had consent to take the ATV at any time." Nor is there evidence that Welch, who was in Bagdad, gave anyone at the bonfire permission to ride the ATV that night.

¶10        Thus, the reasoning in *Delci* applies here. Welch owed Capp no duty to protect her from the harm caused by the unknown driver.

**B.    Capp's Negligent Entrustment Claim Fails.**

¶11    Capp also contends Welch negligently entrusted the ATV to his father. Arizona recognizes a cause of action for negligent entrustment as described in Restatement (Second) of Torts § 390 (1965):

> One who supplies directly or through a third person a chattel for the use of another whom the supplier knows or has reason to know to be likely because of his youth, inexperience, or otherwise, to use it in a manner involving unreasonable risk of physical harm to himself and others whom the supplier should expect to share in or be endangered by its use, is subject to liability for physical harm resulting to them.

*Verduzco v. Am. Valet*, 240 Ariz. 221, 224, ¶ 8 (App. 2016).

¶12    To prevail, Capp must show (1) Welch owned or controlled the ATV; (2) Welch permitted the driver to operate the ATV; (3) the driver, because of his physical or mental condition, was incompetent to drive safely; (4) Welch knew or should have known that the driver, because of his physical or mental condition, was incompetent to drive safely; (5) causation; and (6) damages. *See id.*

¶13    Capp presented no evidence that Welch gave the unidentified driver permission to use the ATV. She also offered no evidence to suggest the driver was incompetent to operate the ATV safely or that Welch should have known the driver was incompetent. *See Ward v. Mount Calvary Lutheran Church*, 178 Ariz. 350, 355 (App. 1994) ("[T]he fact that an accident occurred is not enough to permit an inference of negligence."). Her negligent entrustment claim therefore fails.

**C.    The Family Purpose Doctrine Does Not Apply.**

¶14    Capp also urges us to apply the family purpose doctrine, under which liability "arises (1) when there is a head of the family, (2) who maintains or furnishes a vehicle for the general use, pleasure, and convenience of the family, and (3) a family member uses the vehicle with the family's head's express or implied permission for a family purpose." *Young v. Beck*, 227 Ariz. 1, 8, ¶ 28 (2011).

¶15    Capp concedes Welch "is not . . . the 'head of the family' at his father's household," and she presented no evidence to suggest the unidentified driver was Welch's family member using the ATV with his permission for a family purpose.

**CONCLUSION**

**¶16** We affirm. Welch may recover his taxable costs incurred in this appeal upon compliance with Arizona Rule of Civil Appellate Procedure 21.



AMY M. WOOD • Clerk of the Court
FILED: AA